53   621
99   307
53   621
109  655

WILLIAM UPCHURCH, plaintiff in error, vs. HENRY LEWIS et al., defendants in error.

1. To make a sale of land legal and valid, which is sold under a judgment for the purchase money against the vendee, who holds a bond for titles, the vendor must make, file, and have recorded in the office of the clerk of the superior court, a deed of conveyance to the vendee.

2. Though the vendee may bar himself of his right to demand that the sale be set aside, by acts of ratification on his part, to repudiate which would be a fraud on third parties, yet his mere presence at the sale, without protest against it, when it does not appear that he was aware of the fact that the deed had not been filed and recorded, would not estop him.

3. It being impossible to ascertain from the evidence in the record what amount was due on the executions at the time of trial, and the judge who tried the case being dissatisfied with the verdict; and having grant-

ed a new trial generally, one of the grounds being that the verdict was contrary to the evidence, we cannot say that there was an abuse of his discretion.

Judicial sale. Vendor and purchaser. Bond for titles. Executions. Estoppel. New trial. Before Judge HALL. Henry Superior Court. October Term, 1874.

William Upchurch filed his bill against Henry Lewis, Hal. Dorsey, John Stillwell and Willis Goodwyn, sheriff, making, in brief, this case: In the year 1856 complainant bought of Lewis one hundred and one and one-quarter acres of land in the county of Henry, at the price of $600 00, to be paid in four annual installments of $150 00 each, the first to become due on December 25th of that year. Notes were accordingly delivered and bond for titles given. The first and second notes were paid in full, and a payment made on the third. In the latter part of 1859 or first of 1860, complainants acknowledged service on suits brought on the third and fourth notes, upon which judgments were subsequently rendered. During the winter of 1862-3 the complainant paid off said judgments in full, but no final settlement was had. Lewis admitted such payment, but deferred making a deed, first for one cause and then another. In 1868 Lewis claimed that there was a small balance due him, and complainant paid him $45 00. After all this, Lewis, with a view of defrauding complainant, transferred said judgments and conveyed said land to John Stillwell, who took with full notice of all of the aforesaid facts. Stillwell had a levy made in 1869, and complainant paid to him $45 00, and sale was deferred. In December, 1872, the land was sold under the aforesaid levy, and bid off by Hal. Dorsey, for $390 00. No deed was filed prior to said levy or prior to said sale, as required by law. The executions were fully paid off and discharged prior to said sale. Waives discovery. Prays that said sale may be vacated, and the deed made in accordance therewith canceled; that an accounting may be had, and said executions decreed to be satisfied; that the deed from Lewis to Stillwell may be canceled and the

Upchurch *vs.* Lewis *et al.*

former decreed to execute a title in conformity with his bond; that the defendants may be restrained from disturbing complainant's possession until these matters are inquired into.

The defendants all answered, denying that the executions had been paid off, and alleging that the purchase by Stillwell was made at the request of the complainant, and for the purpose of giving him longer time to complete his payment for the land; that at the time Stillwell bought, upon a settlement had between complainant and Lewis it was distinctly agreed that $236 00 was then due by the former; that complainant was present at the sale, and made no objection thereto; that subsequently he sent a message to Dorsey proposing to take the land at his bid, and to pay one-half cash, and good interest on the balance; that Stillwell did file a deed in the clerk's office before the day of sale, but after the levy.

The evidence for the respective parties made the case presented by their pleadings. It appeared that Stillwell executed a deed to complainant on October 22d, 1872, and had the same filed in the clerk's office, but that it was never recorded; also, that the complainant was present at the sale and made no objection thereto. It is impossible to ascertain from the evidence what is the balance due on the executions.

The jury found the sale illegal, and that the property belonged to complainant upon the payment of $230 00 to Stillwell. The defendants moved for a new trial upon the following grounds, to-wit:

1st. Because said verdict was contrary to the law and the evidence.

2d. Because the verdict was contrary to the charge, that if complainant consented to the sale of the land and the transfer of the executions to Stillwell for a valuable consideration, and without notice of any defense to said *fi. fas.*, then the jury should find for the defendants.

3d. Because the verdict was contrary to the charge, that if the deed from Stillwell was filed in the clerk's office after the levy, but before the sale, and Dorsey purchased without no-

tice of the failure to file the deed before the levy, he would be protected.

The motion was sustained, and a new trial ordered. To this ruling complainant excepted.

SPEER & STEWART, for plaintiff in error.

S. C. McDANIEL; J. Q. A. ALFORD, for defendants.

TRIPPE, Judge.

1. It was decided in *Parks vs. Bailey,* 22 *Georgia,* 116, which was reaffirmed in *Harvill vs. Lowe et al.,* 47 *Georgia,* 214, and in *Brunson vs. Grant,* 48 *Georgia,* 394, that a sale of land by a sheriff under an execution for the purchase money against the vendee who only holds a bond for titles, is illegal unless the vendor has filed and had recorded in the clerk's office a deed to his vendee for the land before the levy. This principle applies to this case.

2. It is true the vendee may bar himself of the right to demand that the sale be set aside, if he so act as to induce others to purchase, and where it would be a fraud on such purchaser to permit him to repudiate those acts or the sale which he may have aided in effecting. But he is not estopped, from the fact that he was present at the sale and did not protest against it, when it does not appear that he knew or had notice that the deed had not been filed and recorded. Those were acts which he could not control, and with which he had nothing to do.

3. We cannot ascertain satisfactorily from the evidence in the record what amount was due on the execution at the time of the trial. The verdict fixed that amount. It set aside the sale as illegal, and found the land to be the property of complainant, upon his paying Stillwell, who was the transferee of the execution, and who became the purchaser by assuming the bid of Lewis, the sum of $230 00. It is very probable there was a larger amount due on the execution. It is impossible to tell from what is before us. The judge before

whom the case was tried granted a new trial, and under all that appears we cannot say he abused his discretion.

Judgment affirmed.