N. G. Scroggins, plaintiff in error, *vs.* D. W. Hoadley, defendant in error.

1. The assignee of a bond for titles to land acquires only the rights of the assignor, and takes the land subject to all the claims of the vendor for the purchase money.

2. Section 3654 of the Code, which authorizes the vendor to make, file, and record a deed to the vendee, and levy a judgment for the purchase money upon the land, when only bond for titles has been given, is very broad, and embraces a case where the plaintiff in the judgment is the transferree of the notes for the purchase money, and the vendor has indorsed them to him. In such case the vendor may make a deed to the vendee, and the land be sold to satisfy the judgment of the transferree of the note; nor does it make any difference that the bond for titles has been assigned and the deed made to the assignee by the vendee, if such assignee took with knowledge that the purchase money had not been paid.

3. Even if the bond for titles obligated the vendor to make a deed to the land so soon as certain payments were made, and certain notes given, and the proof was that these conditions had been complied with, still section 3654 covers the case, and the land, in view of the facts of this case, may be sold under the judgment on the notes for the balance of the purchase money.

Bond for titles. Levy and sale. Before Judge Buchanan. Coweta Superior Court. September Term, 1875.

Reported in the opinion.

P. F. Smith, for plaintiff in error.

M. J. Clark; Lavender Ray, for defendant.

Jackson, Judge.

Hoadley sued F. M. Scroggins and obtained judgment against him for $1,000 00, with interest; execution was issued thereon and levied upon certain real estate. It was claimed by N. G. Scroggins, and the question was whether the land levied on was subject to the *fi. fa.*, or was the property of the claimant. The facts, in substance, were as follows: F. M. Scroggins bought from W. B. W. Dent the estate in question on the following contract: "Received of F. M. Scroggins $100 00, in part payment for a store-house on Greenville

street.   If the said Scroggins pays $1,400 00 between this and Christmas, and gives his notes each for $500 00, due three and six months hence, then the said Dent will make him good and lawful titles to the same;" signed by W. B. W. Dent, and dated December 7th, 1869.

The money was paid, and the two notes were given.   These notes were transferred to Hoadley, on which he obtained judgment and levied upon the store-house.   Hoadley paid Dent the value of these notes, and Dent indorsed them.   F. M. Scroggins, after he had paid the $1,400 00 and given the two notes, assigned this bond for titles or receipt to N. G. Scroggins, the claimant, and made him a deed to the store.   W. B. W. Dent, by the request of Hoadley, the plaintiff, under section 3654 of the Code, made a deed to F. M. Scroggins, and Hoadley then levied upon the store.

On this state of facts the court charged the jury that "if plaintiff's execution was for the purchase money of the property levied on, and if that purchase money was due and unpaid at the time defendant transferred the bond and made a deed to claimant; and if no deed had been made to defendant at the time by W. B. W. Dent, and judgment was obtained afterwards against defendant for the purchase money; and if a deed was made, filed and recorded in the clerk's office of the superior court of Coweta county from W. B. W. Dent to defendant, you should find the property levied on subject to the *fi. fa.*"

The jury found the property subject; and the claimant moved for a new trial on the ground that the court erred in the foregoing charge, and because the verdict was contrary to the law and the evidence.   The court overruled this motion, and this is the error assigned.

1. N. G. Scroggins is the assignee of F. M. Scroggins to this bond for titles.   He holds the title of F. M. Scroggins. F. M. Scroggins assigned to him all his title but nomore.   His rights and liabilities are those of his assignor, no more, no less: *Hind vs. Low,* 38 *Georgia Reports,* 191; *Rawson vs. Coffin,* 55 *Ibid.,* 348.

Scroggins *vs.* Headley.

2, 3. It follows that this store in the hands of the claimant, is liable for the purchase money, if it would have been liable while in the hands of F. M. Scroggins; nor does it make any difference that F. M. Scroggins made a deed to N. G. Scroggins. The latter is no *bona fide* purchaser without notice, but knew all about the title of his vendor, and merely stepped into his shoes. He knew that all the purchase money had not been paid by his vendor; he knew, therefore, that his vendor had no complete equity: 3 *Georgia Reports*, 5; 10 *Ibid.*, 190; 12 *Ibid.*, 464; 40 *Ibid.*, 32; 47 *Ibid.*, 214; 51 *Ibid.*, 502—therefore, he acquired no perfect equity himself. Nor does it make any difference that the bond for titles obligated the vendor to make titles when these notes were given, inasmuch as these notes were for the purchase money. The statute, Code, section 3654, is very broad, and enacts that "when *any* judgment has been rendered in any of the courts of this state, upon any note or other evidence of debt, given for the purchase money of land, where titles have not been made, but bond for titles given, it shall and may be lawful for the obligor of said bond to make, and file, and have recorded in the clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land; * * * whereupon, said land may be levied on and sold under such judgment as in other cases." Nor does it make any difference, in our judgment, that the vendor of the land had transferred the notes to the present plaintiff; especially, as it appears from the record, that he had indorsed them, and was liable for their payment. The statute, (Code, section 3654,) by its terms, includes "*any judgment*" upon "*any note*" given for "*the purchase money of land,*" where bond for titles only is given, and covers this case without stretching it beyond the words used. We think that this land is subject to this debt righteously and equitable as well as legally, and therefore affirm the judgment of the court below.

Judgment affirmed.