HEYWARD vs. FINNEY et al.

63 353
90 344
63 353
113 1166

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Where there is a bond for titles taken, part of the purchase money paid, and a *negotiable* security given for the balance, and the security is transferred for value without indorsement, and the holder sues upon it and obtains judgment, the case of *Neal vs. Murphy*, 60 *Ga.*, 388, is in point; but where the maker of the bond transfers a judgment which has been rendered in his favor for the purchase money, *Upchurch vs. Lewis*, 53 *Ga.*, 621 is in point.
2. There was no error in granting the injunction.

Injunction. Levy and sale. Bond for title. Before Judge HILLYER. Fulton Superior Court. April Term, 1879.

Brumby sold certain real estate to Mrs. Finney for $2650.00 to be paid as follows: $50.00 cash, and the balance in five equal annual installments, bearing interest at twelve per cent per annum. As a part of the consideration for the property, by way of purchase money, she further agreed to pay to Brumby the amount of the taxes, city, county and state, as well as insurance premiums. This was to be done in monthly installments to be covered by notes given annually. She failed to pay one of these last notes amounting to $34.00, and has paid but $300.00 on the purchase money. Suit was brought on the said note in the justice court, and judgment rendered for the plaintiff. The execution based on this judgment was transferred by Brumby to his son-in-law, Heyward. Heyward had the property sold to Mrs. Finney levied on, and at the sheriff's sale purchased it for $50.00. A sheriff's deed was made to him and Mrs. Finney is about to be dispossessed. Upon these facts she filed her bill for injunction, to set aside the sale, and to cancel the deed, etc., relying mainly upon the failure to have a deed filed and recorded prior to the levy from Brumby to her as invalidating the whole proceeding. She made charges of collusion between Heyward and Brumby,

offered to refund the purchase money paid by the former, sets forth the great inadequacy of consideration at which the property was sold, made the sheriff a party, etc.

The injunction was granted as prayed for, and Heyward excepted.

S. D. McConnell, for plaintiff in error.

E. N. Broyles, for defendants.

Bleckley, Justice.

The facts of this case bring it clearly within the principle of *Upchurch vs. Lewis*, 53 *Ga.*, 621; and *Neal vs. Murphy*, 60 *Ib.*, 388, has no application. There is entire harmony between these two adjudications, as any one can see who looks with attention enough to understand them. The vendor of realty who has given his bond to make titles, receiving a part of the purchase money, cannot sell the premises at judicial sale for the balance, nor even levy upon them therefor, without first executing a deed, filing it and having it recorded. Nor can he by transferring the judgment and execution enable another to do under it what he cannot himself do. While judgments and executions are negotiable by indorsement (Code, §2776,) they are not, in the strict commercial sense, negotiable paper, for the transferree acquires no rights beyond those of the original plaintiff. Code, §3597. It follows with rigorous logic, that what the plaintiff could not sell, his transferree cannot sell; and *Upchurch vs. Lewis* rules accordingly. On the other hand, when the same vendor of realty holds a negotiable note for the balance of purchase money and transfers it for value without indorsement, (in which case, of course, it is payable to bearer by its terms), and the holder sues upon it and obtains judgment, he may sell the property just as any other judgment creditor might sell it, irrespective of whether the vendor has conveyed by deed or not. The note being negotiable paper in the strict sense, and being a promise to

pay to the bearer, any bearer who has invested his money in it has a right to take the maker at his word and force him to pay it to him out of any property which is subject to the maker's ordinary debts. The maker knows that a mere bearer of the note cannot invest him with full title to the land, and with this knowledge he, by the note, nevertheless promises to pay *him*. That he may be constrained to do it by a sale of the land, though the vendor has made no deed, is the ruling in *Neal vs. Murphy*. No doubt the chancellor saw the palpable distinction between the two cases, for he very properly granted the injunction.

Other cases cited by counsel, 56 *Ga.*, 165: 22 *Ib.*, 116; 48 *Ib.*, 397; 47 *Ib.*, 214; 55 *Ib.*, 348; 53 *Ib.*, 52.

Judgment affirmed.