7955.  DREW v. CONE.

JENKINS, J. 1. Where a petition shows that the plaintiff entered into a contract with the defendant whereby the plaintiff, as broker, was to receive a commission of $1,000 for his services in procuring a pur-

chaser of certain corporate stock belonging to the defendant, on terms which, upon being first submitted to the defendant, should be declared acceptable to him, and where, from the plaintiff's evidence, it appears that under such an arrangement the plaintiff submitted to the owner an offer of purchase, whereby it was proposed that the stock be exchanged for certain real estate, but that the offer was declined by the owner, and the only acceptance shown was based upon the condition that the broker should receive his compensation from the purchaser; *held*, that under the provisions of the contract of employment and under the facts as here outlined, the commission claimed was not earned upon the theory that the broker had furnished a purchaser ready, able, and willing to buy, and who had actually offered to buy, on the terms stipulated by the owner. Civil Code (1910), § 3587; *Gray* v. *Lynn*, 139 *Ga.* 294 (77 S. E. 156); *Phinizy* v. *Bush*, 129 *Ga.* 479 (59 S. E. 259).

2. On such a trial it was not error to award a nonsuit, although the defendant owner of the stock may have subsequently effected an exchange of the property through different persons, where it further appeared that the plaintiff broker had not been given the exclusive sale of the stock, and there was nothing to indicate that the negotiations between the broker and the purchaser had not been terminated. The terms submitted by the broker never having been agreed to by the owner, this case differs from the case of *Fenn* v. *Ware*, 100 *Ga.* 563 (28 S. E. 238). It is distinguished from *Hill* v. *Wheeler*, 2 *Ga. App.* 349 (58 S. E. 502), and *Graves* v. *Hunnicutt*, 8 *Ga. App.* 99 (68 S. E. 558), in that the contract of employment in both of those cases specified the terms of sale, and in both of them there was evidence to show that the negotiations between the broker and the purchaser had not been terminated at the time the owner interfered and, solely by means of a reduction of price, consummated the trade of which the broker was otherwise the procuring cause. In the instant case no such question of good faith on the part of the owner is raised.

Judgment affirmed. *Broyles, P. J., and Bloodworth, J., concur.*
DECIDED APRIL 5, 1917.

Complaint; from city court of Macon—Judge Guerry. September 26, 1916.

*Julian F. Urquhart,* for plaintiff.
*Martin & Martin,* for defendant.