10496, 10497. NATIONAL UNION FIRE INSURANCE CO. *v.* MACON HARDWOOD LUMBER CO.; and *vice versa.*

JENKINS, P. J. The question in this case is whether the policy of fire insurance sued on remained of force at the time of the fire, or whether it had been cancelled by virtue of the company's notice to that effect given to White as plaintiff's agent, and the acceptance by him of such notice of cancellation. Under the evidence in the case it was a disputed question of fact as to whether White, as the broker of the plaintiff, had been authorized merely to procure insurance for the owner (in which event the notice of cancellation given to such an agent would

be ineffective and the defendant would be liable under the policy), or whether the owner had constituted White as his continuing agent not only to insure but to keep the property insured, with power to select the insurer (in which event the notice of cancellation given to such an agent would bind the owner). 14 R. C. L. 1010, § 189; McGraw Woodenware Co. v. German Fire Ins. Co., 126 La. 32 (52 So. 183, 20 Am. Cas. 1229, 38 L. R. A. (N. S.) 614, 623) Since, under the evidence of the plaintiff on the one hand and the course of dealings which it was sought to set up by the evidence submitted for the defendant on the other hand, the nature and character of the agency was thus made a disputed issue of fact, the judge erred in directing a verdict in favor of the plaintiff.

2. In view of the ruling made in the foregoing paragraph, the assignment of error in the cross-bill of exceptions, to the effect that the judge erred in not also entering up judgment for attorney's fees and damages, is under the present status of the case necessarily without merit. The cross-bill of exceptions also assigns error upon the admission in evidence of certain conversations had between certain agents of the defendant company and White, with reference to the cancellation of the policy used on. If, however, the continuing agency of White should, under the evidence, be taken as having been established by virtue of the proved circumstances, the apparent relations, and the conduct of the owner in reference to his course of dealings with White as such agent, then the evidence objected to could not properly be accounted irrelevant, and for this reason the exception taken to its admission is without merit. *Cable Co.* v. *Walker*, 127 *Ga.* 65 (56 S. E. 108). The other exceptions taken in the cross-bill, not being argued by counsel, will be treated as abandoned.

*Judgment on main bill of exceptions reversed; on the cross-bill affirmed.*
*Stephens and Smith, JJ., concur.*

DECIDED FEBRUARY 7, 1920.

Action on insurance policy; from Bibb superior court—Judge Mathews. March 11, 1919.

*King & Spalding, Miller & Jones, Daniel MacDougald,* for the insurance company.

*L. D. Moore,* contra.