## 13840. CARTER-MOSS LUMBER CO. v. LOMAX.

STEPHENS, J.  1. The provision of the statute of frauds, that " a promise to answer for the debt, default, or miscarriage of another," in order to be binding on the promisor must be in writing, etc. (Civil Code of 1910, § 3222), does not apply where payment has been actually made by the promisor and received by the payee in payment of the debt, since the agreement is thereby executed.

2. An antecedent promise of the promisor to pay the indebtedness is evidence tending to establish the existence of the executed argeement, and where, in a litigation between the parties, the executed agreement and not the antecedent promise is relied upon by one of the parties to establish a right, such antecedent promise, having only an evidentiary value and not being the basis of any binding obligation, may be established by parol.

3. In a suit to recover the alleged balance due on the purchase price of personalty furnished by the plaintiff to the defendant, where the only defense relied upon is that at the time of the delivery of the property to the defendant it was agreed by the parties that the alleged balance due on the purchase price was to be appropriated by the defendant to the payment of a debt which a third person owed to the defendant, rulings by the trial court inconsistent with the rulings announced above were error.

4. That the plaintiff was indebted to such third person at the time of the delivery of the property to the defendant and when the alleged agreement as contended by the defendant was made was not essential to the validity of the agreement upon which the defendant predicates its defense; but, being evidence of an obligation on the part of the the plaintiff to such third person, it furnishes a reason why the plaintiff might be willing to deliver the property in question to the defendant for the benefit of such third person, who is the plaintiff's creditor.

5. Especially is this evidence of plaintiff's indebtedness to such third person relevant for the above-stated purpose, when it appears, in connection with another relevant fact, that the plaintiff entered into the alleged agreement and delivered the property to the defendant for such purpose at the instance of and with the consent of such third person.

6. Any statements made by the plaintiff to such third person which are relevant to throw light upon the truth or falsity of the defendant's defense are not rendered inadmissible merely because they might amount to parol agreements with such third person in contradiction of some written contract between the plaintiff and such third person.

7. A release by the defendant of such third person of the amount of the latter's indebtedness to the defendant equal to the value of the alleged payment by the plaintiff being essential to establish the defendant's defense, competent evidence tending to establish such release, such as giving such third person credit for such amount on the books of the defendant or on notes evidencing the indebtedness, was relevant.  A failure by the defendant to call upon such third person for payment was also relevant by way of corroboration of other evidence tending to prove such release.

8. That the defendant, when payment for the property furnished was requested by the plaintiff, gave as a reason for not responding to the plaintiff's demand some other reason than that relied upon by the defendant as a defense to the suit will not operate to estop the defendant from relying upon his defense unless the reason assigned by the defendant caused the plaintiff to do, or refrain from doing, some act in reliance thereon, and the plaintiff would thereby be put at a disadvantage should the defendant be allowed to rely upon the defense urged. The reason given by the defendant to the plaintiff for not making payment was that the defendant did not have the money, and, this not being of such a nature as could work an estoppel by inducing the plaintiff to act to his detriment, the court erred in charging the jury that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not after litigation has begun change his ground and put his conduct upon another and different consideration. He is not permitted thus to mend his hold. He is estopped from doing it by a well settled principle of law. Therefore, gentlemen, if you believe that the defendants, in all negotiations with the plaintiff, urged only one reason for the nonpayment, then I charge you that after litigation had begun the defendants could not change their ground and urge other and different reasons for not paying the debt which the plaintiff claimed was due him by the defendant." See an explanation of this doctrine in *Union Brokerage Co.* v. *Beall*, 30 *Ga. App.* 748.

9. Except as herein indicated, no error appears.

10. The jury having found for the plaintiff, and the trial court having committed error as herein indicated, the defendant's motion for a new trial should have been sustained.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 15, 1923.

Complaint; from city court of Athens — Judge Bradwell. June 24, 1922.

*O. J. Tolnas,* for plaintiff in error.

*J. C. Edwards, T. J. Shackelford,* contra.