## 15065. KAUFMAN *et al.* *v.* YOUNG *et al.*

BELL, J. 1. Where real-estate brokers, suing the owners of realty alleged to have been listed with them for sale, alleged "that they secured a purchaser ready, willing and able to buy and on the terms on which the defendants placed the property with them for sale, and as they were authorized to sell, and they sold it to [a named person] on the terms and for the price they were authorized by defendants to sell;" and that, when they tendered to the owners in behalf of the purchaser the consideration asked, the owners became indebted to them in a stated sum as their commissions; and where the answer of the defendants denied these averments in toto, the plea was sufficient to include the defense that one of the prescribed terms of sale was that the purchaser at a certain time in the future should build at his own expense a party wall between the property to be sold and adjacent property to be retained by the owners, and that the alleged offer which the plaintiffs procured did not embrace such agreement. See *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (7) (49 S. E. 818). The purpose of such defense was to disprove the plaintiff's alleged cause of action. See Civil Code (1910), § 5636.

(*a*) The offer of a seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort. There must be mutual assent of the parties, and they must assent to the same thing in the same sense. *Robinson* v. *Weller*, 81 *Ga.* 704 (8 S. E. 447); *Gray* v. *Lynn*, 139 *Ga.* 294 (1) (77 S. E. 156).

2. A specific charge which is legal and adjusted to a distinct matter in issue and which may materially aid the jury should be given on proper and timely request, although in principle and in more general and abstract terms it may be covered by other instructions given by the court. *Metropolitan R. Co.* v. *Johnson*, 90 *Ga.* 501 (5) (16 S. E. 49); *Crawford* v. *State*, 117 *Ga.* 247 (4), 252 (43 S. E. 762).

3. The evidence in the instant case discloses without dispute that one of the terms of the listment was as stated in paragraph 1 above. One of the plaintiffs testified that this condition had been proposed by them in the submission of the property for sale, and was assented to by the alleged purchaser. The latter, however, was sworn as a witness for the defendants and testified: "I did not agree to build a wall at my expense. That was not a part of the agreement." Under the issues as thus made, the written and timely request of the defendants, to charge that "if one of the terms was that the purchaser was to build a wall, and the plaintiff neglected to get an agreement from the purchaser to build said wall, then the plaintiff could not recover," was erroneously refused, the charge given not sufficiently submitting the defense, in view of the request. For this error, after verdict for the plaintiffs, the court should have granted the defendants' motion for a new trial.

4. Such defense was not waived by the defendants, if, as contended by them, they did not know, when they assented to the proposed sale, that the purchaser did not agree to build the party wall, and that they never knew of his failure so to agree until after the negotiations had failed of consummation and were altogether ended because of their withdrawal

and refusal to make the sale, although they based their refusal solely upon another and different ground stated,—namely, the unauthorized inclusion by the brokers in their agreement with the purchaser of a stipulation providing for an easement in a stairway in the owners' adjacent property. The defendants were not estopped to assert such a defense, under the rule laid down in the case of *Fenn* v. *Ware*, 100 *Ga.* 563 (28 S. E. 238), and others following it. The ratio decidendi of that case was that the defendant "should be treated as having waived other things *then known to her* which were not brought forward as grounds of objection until she was sued" (italics ours). See *Drew* v. *Cone*, 19 *Ga. App.* 706 (2) (91 S. E. 1068); *Cowdery* v. *Greenlee*, 126 *Ga.* 786 (1) (55 S. E. 918, 8 L. R. A. (N. S.) 137).

5. Furthermore, the rule which prevents one who has given a reason for his conduct and decision in a matter from placing his conduct upon another and different ground after litigation has begun is but an application of the principle of estoppel in pais, and applies only where his conduct has caused another to act respecting the matter, to the injury and detriment of the latter, and where the latter would be placed at an inequitable disadvantage should the former be allowed to rely upon a ground other than that urged as a reason for his conduct and decision in the matter. Civil Code (1910), §§ 5736, 5738; *Hancock* v. *King*, 133 *Ga.* 734 (2) (66 S. E. 949); *Delaware Ins. Co.* v. *Penn Fire Ins. Co.*, 126 *Ga.* 380 (8) (55 S. E. 330, 7 Ann. Cases, 1134); *Carter-Moss Lumber Co.* v. *Lomax*, 30 *Ga. App.* 718; *James F. Drew Co.* v. *Breedlove*, 1d. 722; 21 C. J. 1133; 10 R. C. L. 697. This rule is not in conflict with *Tuggle* v. *Green*, 150 *Ga.* 361 (104 S. E. 85), where the conduct there held to amount to an estoppel in pais placed the opposite party in a situation where he would have suffered an injury had the other party not been held estopped by his conduct. See the certified question on page 366. *Union Brokerage Co.* v. *Beall Bros.*, 30 *Ga. App.* 748 (1) (119 S. E. 533).

6. A party will not be held to have waived a right without knowledge of it unless by his representations or conduct he has misled the other party and caused him to act, or to omit to act, to his injury, and has thus become estopped. 27 R. C. L. 908, § 5; *Upchurch* v. *Lewis*, 53 *Ga.* 621 (2); *Sharp* v. *Findley*, 59 *Ga.* 723 (1); *Daniel* v. *Wilson*, 91 *Ga.* 238 (3) (18 S. E. 134); *Rusk* v. *Hill*, 117 *Ga.* 722 (8) (45 S. E. 42); *Southern Mfg. Co.* v. *Moss Mfg. Co.*, 13 *Ga. App.* 847 (3) (81 S. E. 263).

7. There was no evidence whatever disputing the contentions of the defendants that they did not know until the negotiations had terminated that the purchaser had not agreed to the stipulation that he should build the party wall. The only issue upon this question was whether the purchaser had so agreed or not, the same being presented by the testimony of one of the plaintiffs, and that of the purchaser himself as a witness for the defendants. There was thus no evidence authorizing a charge in relation to a waiver so far as the same could have been understood by the jury as applying to the stipulation of the owners with reference to the building of the party wall. Nor was there evidence of a waiver by the defendants of a variance from the terms of the listment, which they contended had been made by the plaintiffs in agreeing that the purchaser should obtain an easement in the stairway. Upon this question the plaintiffs contended that the owners had consented, not expressly but

impliedly, that the easement should be granted, basing the contention upon the ground that an offer which they had previously submitted from a different prospective purchaser included, as they claimed, a requirement of the grant of the easement, and that this offer was declined by the owners solely because of objection to the price. The defendants on the other hand contended that the subject of an easement had never been mentioned in the negotiations with any of the prospective purchasers, or with the plaintiffs, and that the giving of the easement was not within the terms of the listment. Thus, the issue was whether the owner had impliedly agreed to the grant of the easement as one of the terms of the listment. The proposed sale, after a first assent, was refused by them, because of the agreement by the brokers with the purchaser that this right should be granted. Construing the testimony of the only one of the plaintiff brokers who testified most strongly against them, as must be done, since the witness was a party to the case, and his evidence upon the particular point being at most vague and self-contradictory (*Shepard* v. *Chappell*, 29 *Ga. App.* 6 (2), 113 S. E. 23), the defendants did not know at the time they first agreed to make the sale that this right was to be extended, *unless because they had impliedly consented to it in the negotiations with the previous prospective purchaser.* The contentions thus made did not involve a waiver of a variance by the plaintiffs from the terms of the listment, but merely raised an issue as to what the terms were. The conclusion must follow that the several charges upon the subject of a waiver, as complained of in the motion of the defendants for a new trial, were unwarranted by the evidence.

8. The general rule is that instructions by the court to the jury must be warranted by the evidence, and where instructions are given that are not warranted by the evidence, and are calculated to mislead and confuse the jury, the error requires a new trial. *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A, 880). The charges on the subject of waiver, as complained of in the instant case, were calculated to mislead and confuse the jury, and constitute reversible error. The case should have been submitted to the jury upon the two issues only: (1) Did the defendant owners authorize the brokers to offer an easement in the stairway? (2) Did the plaintiff brokers procure from the purchaser an agreement to build the party wall as stipulated?

9. The other requests to charge were sufficiently covered by the charge given, and their refusal was not error. If any of the other instructions to which exceptions are taken were incorrect, they were not harmful to the plaintiff in error.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 23, 1924.

Complaint; from city court of Columbus—Judge Tigner. September 25, 1923.

*McCutchen, Bowden & Gaggstatter,* for plaintiffs in error.
*Hatcher & Hatcher,* contra.