## SCREVEN OIL COMPANY v. JARRELL.

RUSSELL, C. J.  1. The defendant pleaded that the plaintiff was estopped by reason of the fact that she had agreed, in the note which she gave for the price of commercial fertilizers, to waive all penalties imposed by law for violations of the act of 1911 (Georgia Laws 1911, page 172), by her written agreement to confine her recovery to the mere difference between the commercial value as ascertained by the State chemist, and the real commercial value as stated upon the sacks by the manufacturer of the fertilizer. There can be no such estoppel. It is contrary to sound public policy, as well as the express provision of the statute. No agreement between the parties can affect the execution or enforcement of a law passed by the State, unless it is for some reason unconstitutional and void.

2. The act of 1911, supra, is not unconstitutional for the reason that it conflicts with article 1, section 1, paragraphs 2 and 3, of the constitution of Georgia, and thereby deprives one of due process of law. The classification of manufacturers or mixers of fertilizer, as enacted by the General Assembly in the act of 1911, supra, was within the purview of the General Assembly. The classification was reasonable, and in accord with a sound public policy, and did not tend to discriminate against manufacturers of fertilizer unfairly or unjustly, or to give any advantage to manufacturers of other and different products.

3. In the regulation as to the manufacture and sale of fertilizers by the act of 1911, the classification does not render the act "partial and incomplete, in that it does not permit the manufacturer and seller of fertilizer an opportunity to make good an honest mistake in the mixing of the fertilizer, by permitting said manufacturer or seller to make good his honest mistake by replacing of the merchandise with goods of the guaranteed analysis, thereby rectifying the mistake, and is thereby deprived of his property without due process of law." *Georgia Fertilizer Co.* v. *Walker,* 171 *Ga.* 734.

4. Under the agreed statement of facts the court did not err in finding in favor of the plaintiff. Nor was it error to overrule the motion for a new trial, except in so far as the judgment allowed recovery of interest. It was erroneous to allow interest. *Southern Cotton Oil Co.* v. *Raines,* 171 *Ga.* 154 (19) (155 S. E. 484). Direction is given, that, within ten days after the remittitur is filed in the trial court, the plaintiff write off the judgment the amount of interest therein specified; and on failure to do so, that the judgment of the trial court be reversed.

> *Judgment affirmed, with direction. All the Justices concur.*

No. 7712.  JANUARY 24, 1931.

*John C. Hollingsworth,* for plaintiff in error.
*J. W. Overstreet,* contra.