34824. OGLETREE *v.* SMITH *et al.*

CARLISLE, J. The sole question raised on review is whether, at the time the employee claimant was injured on November 12, 1951, the employer had workmen's compensation insurance coverage with the alleged insurance carrier, Employers Mutual Liability Insurance Company, so as to render it liable for the accident, which the trial director found arose out of and in the course of the employee claimant's employment. The trial director found that, while the employer had taken out a policy with the alleged insurance carrier to cover the period, January 24, 1951–February 1, 1952, the carrier had canceled the insurance in July 1951, prior to the accident. The provision for cancellation contained in the policy, which was introduced in evidence, is: "This policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period. The law of any state, in which this policy applies, which requires that notice of cancellation shall be given to any board, commission or other state agency is hereby made a part of this policy and cancellation in such state shall not be effective except in compliance with such law. . . If such cancellation is at the company's request, the earned premium shall be adjusted pro rata as provided in Condition A. If such cancellation is at this employer's request, the earned premium shall be computed and adjusted at short rates, in accordance with the table printed hereon, but such short rate premium shall not be less than the minimum stated in said declarations. . . Notice of cancellation shall be served upon this employer as the law requires, but, if no different requirement, notice mailed to the address of this employer herein given shall be sufficient notice, and the check of the company, similarly mailed, a sufficient tender of any unearned premium." While the employer admitted that he received proper notice from the alleged insurance carrier that, effective July 17, 1951, the policy would be canceled and the policy period come to an end, he made no objection at the time, and that he did not report the accident of the present employee claimant to the alleged insurance carrier, and did not report an accident to another of his employees which had occurred subsequently to his receipt of the notice of cancellation—there is uncontradicted evidence that, at the time he entered into the contract of insurance with the insurance carrier, he gave the agent of the company his check for $49.21 in part payment of the annual premium and signed an instalment-payment note for the balance, that the note was transferred to a finance company by the insurance company, and that he made two or three pay-

ments on the note. The evidence is also uncontradicted that the note was never returned to the employer. The policy contained no provisions for cancellation for non-payment of the note. The only reference in the policy to cancellation is the provision which has been quoted above. A cancellation of the policy could be effected, therefore, only in accordance with that provision of the policy; and under the language of that provision, a return of the note, which was accepted by the company in payment of the annual premium, was a condition precedent to cancellation, in the absence of any competent evidence showing a waiver of that condition by the employer or acts on his part which would estop him from insisting upon the condition. *Genone* v. *Citizens Ins. Co. of New Jersey,* 207 *Ga.* 83 (60 S. E. 2d 125); and see *Arnold* v. *Empire Mutual &c. Ins. Co.,* 3 *Ga. App.* 685 (60 S. E. 470); *Mass. Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918). There was no evidence of waiver or of estoppel, nor evidence from which either could have been inferred. *Kaufman* v. *Young,* 32 *Ga. App.* 135 (6) (122 S. E. 822). The power of cancellation reserved in the policy was controlling upon the subject, and the trial director erred in finding that the policy had been canceled; and, consequently, the affirmance of his award by both the State Board of Workmen's Compensation and the Superior Court of Fulton County was erroneous.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 19, 1953—REHEARING DENIED OCTOBER 6, 1953.

*Geo. Starr Peck,* for plaintiff in error.

*Haas, Hurt & Peek, J. Corbett Peek, Jr., Augustus M. Roan,* contra.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*