38789, 38790.   NEW AMSTERDAM CASUALTY COMPANY v. RUSSELL; and *vice versa.*

554

DECIDED APRIL 24, 1961.

*John F. Hardin, Robert E. Knox, Warren D. Evans,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

FELTON, Chief Judge. ▮ The plaintiff in error contends that the defendant in error was put on notice of cancellation of his insurance by Mrs. Dozier's several verbal offers to refund the unearned premium, by the written notice to the defendant in error's lawyer, and by the filing of its defensive pleadings, even if the original alleged written notice was invalid. The policy's sole provision whereby the insurer might cancel it is for written notice to the insured. The judgment of the lower court adjudicating this issue in favor of the plaintiff was not final when the defendant filed its defensive pleadings, but it has since become final, hence an estoppel by judgment, by the court's affirmation of the lower court's judgment. *New Amsterdam Cas. Co. v. Russell,* 102 Ga. App. 597, supra. Personal notice or notice to one's attorney is sufficient in some cases, but the right

to cancel a policy of insurance can be exercised only because it is reserved in the policy and can be exercised only as therein provided. *Gilley v. Glens Falls Ins. Co.*, 81 Ga. App. 71 (1b, 1c) (58 S. E. 2d 218); *Ogletree v. Smith*, 88 Ga. App. 855, 856 (78 S. E. 2d 264). It follows that none of the notices which the plaintiff in error urges as effecting cancellation comply with the policy provision for cancellation, hence, the policy was in force at the time of the collision out of which this suit arose.

■ The basis of the claim for attorney's fees and damages is that the defendant did not pay within 60 days from June 16, 1959, when demand was made. At that time the Court of Appeals had not adjudicated that the defense was not made in bad faith.

The defendant in error is wrong in contending that the verdict of the jury in the first case was binding on the defendant at the time its answer was filed to the present suit, even though no supersedeas was granted. A supersedeas simply prohibits further proceeding on the judgment. Where no supersedeas is obtained the opposite party may proceed to enforce judgment complained of but it does so at its peril. *Code* § 6-1002; *Ennis v. Ennis*, 207 Ga. 665, 671 (63 S. E. 2d 887). "If a judgment shall be entered within the time allowed for entering an appeal, and such appeal shall be entered, the judgment shall be suspended." *Code* § 110-303. "No judgment or decree can under our system be said to be final until the time prescribed by law in which a motion for a new trial may be made, or writ of error seeking to set aside such a judgment has expired." *Peoples Bank of Talbotton v. Merchants &c. Bank of Columbus*, 116 Ga. 279, 282 (42 S. E. 490). A judgment cannot be treated as final so long as either of the parties has the right to have the same reviewed by the appellate court; and if it is so reviewed, it is not final until the appellate court judgment is made the judgment of the trial court. *Twilley v. Twilley*, 195 Ga. 297, 298 (24 S. E. 2d 46); *Powell v. Powell*, 200 Ga. 379, 382 (37 S. E. 2d 191); *Garrick v. Tidwell*, 151 Ga. 294 (106 S. E. 551). The ruling in *Allen v. Allen*, 154 Ga. 581 (115 S. E. 17) is not contrary to the rulings above cited. It would seem that under the petition as it now stands, the defendant would have had a right to contest the

question of attorney's fees and damages as the grounds for such contest were the same in this case as they were in the first, under the facts.

■ The plaintiff in error's third ground of error is that the lower court erred in overruling ground 5 of its amended motion for a new trial, the complaint being that the court's charge was argumentatively in favor of defendant in error. We think the whole charge, taken in its context, gives the jury the alternatives which they may follow in reaching their verdict and does not express the private opinion of the judge.

■ The plaintiff in error assigns error on the failure of the trial judge to charge the jury on the measure of damages to be used in reaching their verdict. This failure, if such it was, was cured by the plaintiff's writing $193.75 off the verdict and judgment.

■ As to the cross-bill, if the judgment of the Court of Appeals has been made the judgment of the trial court, the court below erred in not admitting the record in the former case. The refusal to admit the record in the other case was not harmful under the circumstances.

The judgment overruling the motion for a judgment n.o.v. is affirmed; the judgment overruling the motion for a new trial is affirmed on condition that the plaintiff write off from the verdict and judgment the amounts awarded as damages and attorney's fees before the remittitur from this court is made the judgment of the trial court, otherwise the judgment overruling the motion for a new trial is reversed.

*Judgments affirmed on condition on the main bill. Cross-bill dismissed.* Nichols and Bell, JJ., concur.