### 47414.  RESERVE INSURANCE COMPANY v. FORD MOTOR CREDIT CORPORATION.

STOLZ, Judge. The appellant insurance company issued a policy of automobile damage insurance to Marvin Truett Knight. Subsequently, the insurance agency through which the policy was purchased requested appellant to name "Ford Motor Credit Corp., Albany, Ga." as loss payee. This was done by the company and a copy of the policy with an endorsement was mailed to the appellee in the name and at the address heretofore given. Thereafter, the insured failed to pay the insurance premium and notice of cancellation was duly mailed to the appellee in the name and address shown above. The lapsed premium was later paid and the policy reinstated and the appellee so notified. The insured again failed to pay his premium and the policy was canceled. Notice of cancellation was given to and received by the named insured. The appellant attempted to notify the appellee of the cancellation by mail, with the certificate of mailing

showing the same was addressed to "Ford Motor Corp., Albany, Ga." This notice was not received by the appellee. The damage to the vehicle in question thereafter in a collision brings to us the question of the sufficiency of the notice of cancellation. It is stipulated that the correct name of the appellee is Ford Motor Credit Company, not "Ford Motor Credit Corp.," as appeared on the loss payable endorsement attached to the policy, or "Ford Motor Corp.," as appeared on the certificate of mailing. *Held:*

The interest of a lienholder in the loss payable clause, cannot be destroyed by cancellation of the policy unless a copy of the notice of cancellation is sent to the lienholder in accordance with *Code Ann.* § 56-2430 (Ga. L. 1960, pp. 289, 671, as amended). *Code Ann.* § 56-2430.2 (Ga. L. 1964, p. 335, as amended).

In order for cancellation to be complete, written notice thereof must be "dispatched by at least first class mail to the last address of record of the insured" and "to lienholder shown in the policy." *Code Ann.* § 56-2430.

Here, the lienholder shown in the policy was Ford Motor Credit Corp. (in reality, Ford Motor Credit Company). The appellant shows that the notice of cancellation was sent to *Ford Motor Corp.* Had the notice been sent to Ford Motor Credit Corp., it would have sufficed although it was not the correct name of the entity, since it was the name as it appeared in the policy and to which previous notices were mailed and were received. The names "Ford Motor Corp." and "Ford Motor Credit Corp.," however, are sufficiently different to import two different entities, especially since the address designated merely the city, with no street address. Therefore, the pleadings and evidence affirmatively show as a matter of law that the policy was not canceled, as the appellant contends, but was in force at the time of the collision out of which this claim arose.

Accordingly, the trial judge did not err in granting the plaintiff's motion for summary judgment and in overruling the defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*

SUBMITTED SEPTEMBER 5, 1972—DECIDED SEPTEMBER 27, 1972.

*George D. Busbee, A. Ed Lane,* for appellant.
*Smith, Gardner, Wiggins, Geer & Brimberry, Oscar T. Cook, Jr.,* for appellee.