## 48954. GARBER v. AMERICAN MUTUAL FIRE INSURANCE COMPANY.

Evans, Judge.

Walter Leary was involved in an automobile collision with Sampson's Grocery Store. Sampson Garber, the owner, obtained a judgment against him. When he failed to pay, Garber sued American Mutual Fire Insurance Company, alleging it to be Leary's automobile liability insurer. The defendant insurer defended upon the theory and contention that the liability policy had been canceled prior to the automobile collision.

The plaintiff (judgment creditor of Leary) contended the policy had not been legally canceled, for that proper notice had not been given prior to the alleged cancellation. Both parties moved for summary judgment; defendant's motion was granted; plaintiff's motion was denied, and plaintiff appeals. *Held:*

1. It was shown that Leary had financed the payment of his insurance premium with Baker & Company, Florida, and that Leary had expressly appointed Baker & Company as his attorney in fact to cancel the insurance policy upon his default of payment of instalments due under the loan contract. As to cancellation of an insurance policy by one who has loaned the money for payment of premium, with power of attorney for canceling, the law provides (Code Ann. § 84-5312; Ga. L. 1969, pp. 561, 568) that 10 days notice shall be mailed to the insured by the premium finance company of its intention to cancel.

The policy of insurance, as to cancellation, provided at least 10 days notice of cancellation must be given to the insured of intention to cancel.

Code Ann. § 56-2430.1 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, pp. 1126, 1127; 1971, pp. 658-661)

provides that in event of cancellation, the insurer shall give at least 10 days notice of intention to cancel.

Thus, two statutes and the contract of insurance each and all required 10 days notice to the insured of intention to cancel before the cancellation became effective.

2. The insurer did not contend that 10 days notice of cancellation was given the insured prior to cancellation; but contended that Baker & Company, under the power of attorney it held from Leary, had written to the insurer that Leary had defaulted in payment of the premium loan and that it .wished the policy canceled, that the policy was canceled, and the unearned portion of the premium returned to the attorney in fact. Leary submitted his own affidavit showing that he had never received notice of cancellation of the policy, and under the authority of *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 379 (100 SE2d 142), this was sufficient as a circumstance for the jury to consider as to whether the notice was even mailed. Also see *New Amsterdam Casualty Co. v. Russell,* 102 Ga. App. 597, 600 (117 SE2d 239). But here these presumptions are not all-important because the insurer does not even contend it gave notice as required by the two statutes and by the contract of insurance, but elected to rely upon a different method of cancellation, to wit, that the attorney in fact had notified the insurer to cancel the policy.

3. The attorney in fact was required to abide by the laws of Georgia irrespective of any provision to the contrary in the power of attorney. One may not circumvent the mandate of the public statutes under the guise of empowering an agent to do an otherwise illegal act. Code §§ 20-501, 20-504. In *Screven Oil Co. v. Jarrell,* 171 Ga. 837 (1) (157 SE 96), it is held that: "No agreement between the parties can affect the execution or enforcement of a law passed by the State, unless it is for some reason unconstitutional and void." Here, the insurer seems to contend that it had a right to ignore the plain terms of Code Ann. §§ 84-5312 and 56-2430.1 (requiring 10 days notice of cancellation to be given the insured) by urging that the power of attorney authorized the ignoring of and noncompliance of said statutes. But

in this contention, it is in error. The same law that binds the principal, likewise binds his agent. As to insurance policies it has been held time and again that the statute, not the policy, controls. See *Gulf American Fire &c. Co. v. McNeal,* 115 Ga. App. 286, 292 (154 SE2d 411); *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 807 (147 SE2d 424); *Thames v. Piedmont Life Ins. Co.,* 128 Ga. App. 630, 632 (197 SE2d 412).

4. In *New Amsterdam Cas. Co. v. Russell,* 103 Ga. App. 553 (1) (120 SE2d 150), it is held that the terms of the statute as to cancellation must be exactly followed, and that neither personal notice by the insurer's broker, nor written notice to the insured's lawyer, is effective to cancel the policy. See also *Ga. Farm Bureau Mut. Ins. Co. v. Gordon,* 126 Ga. App. 215, 216 (1) (190 SE2d 447); *Reserve Ins. Co. v. Ford Motors Credit Corp.,* 127 Ga. App. 193, 194 (192 SE2d 925).

The liability insurance policy was in full force and effect at the time of the collision and the lower court erred in sustaining the motion for summary judgment in favor of the insurer and in dismissing the complaint; and further erred in failing to grant summary judgment in favor of the plaintiff.

*Judgment reversed. Pannell, J., concurs. Eberhardt, P. J., concurs specially.*

ARGUED JANUARY 14, 1974 — DECIDED MARCH 7, 1974 — REHEARING DENIED MARCH 21, 1974.

*Greene, Buckley, DeRieux & Jones, Alfred B. Adams, III,* for appellant.

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellee.

EBERHARDT, Presiding Judge, concurring specially.

I agree that Code Ann. § 84-5312, which provides the mode and manner of canceling an insurance contract *by the lender* who has financed the premium with a loan when the insured has defaulted in making payment, is controlling and that if there is a conflict between the terms of this statute and the policy, the statute controls.

I do not agree that Code Ann. § 56-2430.1, which provides the mode and manner for canceling an automobile liability insurance contract *by the insurer* in other stated instances, is applicable in this situation.

If it were not for the requirements of § 84-5312 relative to notice to the insured the cancellation here would be sufficient in terminating the contract, for an attorney in fact appointed for a stated purpose may do all in accomplishing it that the principal could do if he were acting for himself, and if *the insured* himself had requested cancellation of the policy it is obvious that neither § 84-5312 nor § 56-2430.1 would have any application.

The facts appearing in this record disclose that the cancellation was requested by Baker & Company, (which had financed the premium) as attorney in fact for the insured, thus bringing the situation under § 84-5312, and that notices to the insured were not given or sent in accordance with the requirements of that section.

I therefore concur in the judgment.