### 1134. HABER-BLUM-BLOCH HAT COMPANY v. FRIESLEBEN.

When a party assumes a certain position in a legal proceeding, and suc-- ceeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position.

Action on contract, from city court of Macon—Judge Hodges. March 21, 1908.

Argued June 12,—Decided November 10, 1908.

Friesleben sued the hat company for the breach of a contract of employment as a traveling salesman at $115 per month, payable monthly, the employment extending from October 1, 1903, to October 1, 1904, and alleged that in the latter part of the month of May, the defendants "dispensed with his services,—in effect discharging him,—thereby committing a breach of said contract." The hat company pleaded that they were adjudicated bankrupts on May 27 and discharged on August 5. The pleadings and evidence made the following case: On May 27 the hat company were adjudicated bankrupts; and on June 7 Friesleben filed his proof of claim against the bankrupts in the sum of $575, for the months of May, June, July, August, and September. The bankrupts prepared written objections thereto, denying that Friesleben was a creditor in manner and form as alleged, and denying that he had any provable claim against them or the estate in bankruptcy, except for his salary from May 1 to May 27 at the rate of $115 per month; and though these objections were not formally filed, arguments of counsel for both parties were heard thereon. Friesleben, on an intimation from the referee that he would sustain the position of the bankrupts, and, as the record states, upon the referee's order, withdrew this proof of claim, and on July 13 filed

another, wherein he claimed only salary from May 1 to June 1. This claim was allowed and dividends were paid thereon. It was agreed, at the time, that no point should be made because the claim included the four days in May following the 27th. After the bankrupts' discharge in bankruptcy, Friesleben sued, on the same contract, for the wages of the months of June, July, August, and September, and was met by a plea of discharge in bankruptcy. He obtained a judgment, and the hat company except.

*Hardeman, Jones & Johnston,* for plaintiffs in error.

*Nottingham & McClellan,* contra.

POWELL, J. (After stating the foregoing facts.)

Friesleben's claim for salary from June to September inclusive was not discharged in bankruptcy, unless it was a provable debt. Whether it was a provable debt within the meaning of the national bankruptcy act is a question of serious doubt; but we do not think it is necessary to decide it. We are of the opinion that since the bankrupts appeared before the referee and urged that these damages were not provable, and obtained an intimation or ruling from the referee to that effect, in which Friesleben acquiesced, to his prejudice in that court, it does not now lie in the mouths of the bankrupts to say that these damages were provable. "It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Davis *v.* Wakelee, 156 U. S. 689 (15 Sup. Ct. 555, 39 L. ed. 578); Philadelphia etc. Railroad *v.* Howard, 13 How. 336-7 (14 L. ed. 157); *Luther* v. *Clay,* 100 *Ga.* 241 (28 S. E. 46, 39 L. R. A. 95); *Vaughn* v. *Strickland,* 108 *Ga.* 660 (34 S. E. 192); *Waldrop* v. *Wolff,* 114 *Ga.* 619-620 (40 S. E. 830); *Niagara Ins. Co.* v. *Williams,* 1 *Ga. App.* 604-5 (57 S. E. 1018).                    *Judgment affirmed.*