11235.　CORNELIUS *v.* ANDERSON, executor, *et al.*

1. Where, in response to an offer to accept goods either for sale on a commission basis or on a straight sale, the goods are shipped without notice as to which basis is adopted by the shipper, the person to whom they are shipped has the right to elect on which basis he will accept them.

2. Where one to whom goods were thus shipped elected to handle them on a commission basis, and on that basis sent to the shipper an account of sales of the goods at certain weights and a check for the amount thereby shown to be due the shipper, and the shipper accepted and cashed the check; and in correspondence with the other party virtually acquiesced in and agreed to the statement as to the weights, but contended that the shipment was made on a straight sale, and therefore that the check, which was for an amount less than would be due had the transaction been a straight sale, did not constitute an accord and satisfaction, and this was the only issue raised between the parties

until the shipper brought suit for a balance alleged to be due for the goods, his contention in the suit that the weight of the goods was more than that reported to him by the defendant was immaterial.

(a) "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has. begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold."

3. The trial judge did not err in directing a verdict for the defendant, and the judge of the superior court did not err in overruling the certiorari.

DECIDED APRIL 13, 1920.

Certiorari; from Fulton superior court — Judge Pendleton. October 24, 1919.

*Holbrook & Corbett*, for plaintiff.    *George P. Whitman*, for defendant.

BROYLES, C. J.    The controlling question in this case is whether the defendant was authorized to handle, on a consignment basis, the potatoes shipped to him by the plaintiff.    The record shows, without dispute, that the defendant offered to accept the potatoes, either on such a basis or on that of a straight sale, and that the plaintiff shipped them without notifying the defendant on which basis he wanted them handled.    Under these circumstances the defendant had a right to elect on which basis he preferred to handle them, and the uncontradicted evidence is that he handled them on a commission basis, and paid the plaintiff what was due him on that basis.    Upon the trial of the case there was no material issue of fact.    The question whether the weight of the potatoes was more than as reported by the defendant was immaterial, since the correspondence between the parties, after the controversy had arisen as to whether the shipment was on a straight sale or on a commission basis, shows that the plaintiff virtually acquiesced in and agreed to the weights as reported to him by the defendant, and that the plaintiff's sole contention, prior to the filing of the suit, was that he had shipped the goods on a straight sale basis, and, therefore, that the check from the defendant (which he accepted and cashed) for an amount less than what would have been due him on that basis did not constitute an accord and satisfaction.    "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration.    He

is not permitted to thus   mend his hold.   He is estopped from doing it by a settled principle of law." *Fenn* v. *Ware,* 100 *Ga.* 563, 566 (28 S. E. 238); *Bedingfield* v. *Bates Advertising Co.,* 2 *Ga. App.* 111 (58 S. E. 320), and cit.

It follows from what has been said that the trial judge did not err in directing a verdict for the defendant, and that the certiorari was properly overruled.

*Judgment affirmed.   Luke and Bloodworth, JJ.,* concur.