## 13422.  FRANK & MEYER NECKWEAR COMPANY *v.*
## WHITE.

The rule laid down in *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140, 146
(42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112), and *Rounsaville* v.
*Leonard Mfg. Co.*, 127 *Ga.* 735 (4), 740 (56 S. E. 1030), to the effect
that where there has been an anticipatory breach of an executory con-
tract for the purchase of goods, the seller cannot maintain a suit on
open account for the contract price, or even a suit for the value of
the goods without having complied with the statutory provision em-
bodied in section 4131 of the Civil Code (1910) relative to the storage
of the goods for the benefit of the vendee, but that his remedy in such a
case is limited to an action to recover damages for a breach of the con-
tract, does not have application in the instant case, in which it appears
that the goods, after being delivered by the seller to the carrier and
received by the vendee, were, without any authority from the seller,
delivered back to a carrier by the vendee for the purpose of being re-
turned to the seller, under a contention that the goods as shipped did
not conform to the contract of purchase, and in which it appears that,
after the seller had refused to accept their return, the vendee thereupon
directed the carrier to return the goods to him, and after thus regaining
possession of them continued to hold them in his possession and under
his control, without any further notice to the seller.  *Castlen* v. *Marsh-
burn*, 8 *Ga. App.* 400 (3), 404 (64 S. E. 317); *Merchants &c. Trans. Co.*
v. *Moore*, 124 *Ga.* 482 (52 S. E. 802).

2. Whether or not the contract under which the goods were shipped is
taken out of the operation of the statute of frauds by any of the ex-
ceptions enumerated in sections 3222 (7) or 3223 (2, 3) of the Civil
Code (1910) need not be considered, for the reason that, under the
evidence disclosed by the record, duplicate copies of the original order
were made by the salesman of the plaintiff vendor, one of which was
forwarded to the plaintiff, and the other of which was delivered to the
defendant vendee, both of which copies were offered in evidence ap-
parently without objection, and that in letters written by the defend-
ant to the plaintiff not only was the existence of the contract as evidenced
by such duplicate copy in his possession recognized, but the terms there-
of were insisted upon.  *North* v. *Mendel*, 73 *Ga.* 400 (2), 403 (54 Am.
R. 879); *Capital City Brick Co.* v. *Atlanta Ice &c. Co.*, 5 *Ga. App.* 436
(1), 443 (63 S. E. 562); 27 Corpus Juris, 259, 261, 262; 2 L. R. A.
212, notes.  Questions arising as to the proper construction of the writ-
ten order, not being presented by any exception to the order granting a
nonsuit, are not before this court for determination.

3. Assuming that the contract under which the goods were furnished was
entire (*Grantville Oil Mills* v. *Hogansville Oil Mill Co.*, 19 *Ga. App.*
411, 91 S. E. 572; *Central Ga. Brick Co.* v. *Carolina Portland Cement
Co.*, 136 *Ga.* 693, 71 S. E. 1048), any appreciably material deficiency
in the quantity of goods delivered would ordinarily defeat a recovery
by the seller, since the whole contract must stand or fall together.
Civil Code (1910), § 4228; *Singer* v. *Santa Paula Co.*, 140 *Ga.* 411 (78

S. E. 1094); *DeVaughn* v. *Ohio Pottery Co.*, 12 *Ga. App.* 50 (76 S. E. 793); *Arnall-Couch-Powers Co.* v. *National Discount Co.*, 11 *Ga. App.* 487 (75 S. E. 816); *Norrington* v. *Wright*, 115 U. S. 188 (6 Sup. Ct. 12, 29 L. ed. 366, 369); 35 Cyc. 204. Recognition is also taken of another rule, to the effect that the mere failure of a purchaser to assign a shortage in the shipment as the reason for its rejection need not be taken to constitute a waiver of his rights in this respect. *Brunswig* v. *East Point Milling Co.*, 11 *Ga. App.* 9 (3) (74 S. E. 564); *Cartersville Grocery Co.* v. *Rowland*, 17 *Ga. App.* 42 (86 S. E. 402). Still, under the general rule that "where a party gives a reason for his conduct and decision touching anything involved in a controversy, he can not, after litigation has begun, change his ground and put his conduct upon another and different consideration" (*Fenn* v. *Ware*, 100 *Ga.* 563, 566, 28 S. E. 238), a purchaser who bases his rejection of goods upon a stated particular reason is held to have waived other objections of which he then had knowledge and which might then have been urged. *Tuggle* v. *Green*, 150 *Ga.* 361 (2) (104 S. E. 85). In the instant case, while the amended answer recites that the plaintiff actually delivered only 28-¾ dozen ties, instead of the 30 dozen for which the plaintiff contended the order provided, no actual defense based upon such a deficiency was made, nor did the defendant, in stating to the plaintiff his reasons for refusing to accept the goods, rely upon any such ground, but he relied entirely and explicitly upon other stated grounds, and even at the trial testified that he had never made the objection that "too few ties were shipped," and did not "make any now." As illustrating the reason and justice for the application of the rule just indicated, the plaintiff offered evidence to show that the deficiency was not filled because the defendant complained, not that too few, but that too many ties had been shipped. It follows that the nonsuit, which apparently, from the briefs of counsel, was granted upon this ground, could not have been properly granted thereon or on either of the grounds already considered.

DECIDED FEBRUARY 21, 1923.

Complaint; from city court of Macon — Judge Gunn. January 11, 1922.

*Brock, Sparks & Russell*, for plaintiff.

*Thomas A. Jacobs Jr., W. A. McClellan*, for defendant.

JENKINS, P. J. The vendor sued the vendee upon open account for the purchase price of 28-¾ dozen neckties. The undisputed evidence at the trial shows that in May, 1920, the defendant gave to the plaintiff's salesman an order for certain ties of varying patterns, duplicate copies of which order, though filled out by the salesman, were not signed by the defendant. One copy was sent to the plaintiff, and another was left by the salesman with the defendant. Shipment as provided by the order was to be made by October 1, 1920, by express from St. Louis, Missouri, where the plaintiff was located, to Macon, Georgia, the place of business of

the defendant. Plaintiff construed this order to mean that 30 dozen ties of varying patterns and quantities of each pattern were thus purchased. The defendant, called as a witness for the plaintiff, testified that he had only ordered 13 dozen ties, and so construed his duplicate copy of the order. On September 17, 1920, the plaintiff delivered to the express company at Louis for shipment to Macon 28-3/4 dozen ties, for the purchase price of which it now sues, and offered evidence to show that it did not send the full 30 dozen because at the time the order was filled it did not have on hand enough material of the patterns of the missing 1-1/4 dozen. On September 24, 1920, after receipt of the 28-3/4 dozen ties, the defendant wrote to the plaintiff referring to plaintiff's invoice of September 18 as being for 28-11/12 dozen ties, "while our duplicate is only for 13 dozen ties. We can't understand this difference. Please let us hear at once." On September 30 he again wrote making the same complaint that too many ties had been shipped to him. On October 23 the defendant by letter advised the plaintiff that he was shipping back all the ties, and then made the additional complaint that the ties " do not have our label in them." On October 28 he again by letter to the plaintiff referred to the return of the ties, and stated that they were " not according to our duplicate," and asked a credit memorandum for them. On November 3 he wrote advising that he would leave the ties with the express company at plaintiff's disposal, stating, as grounds of complaint, that no labels were furnished, and that plaintiff " should know, with five years dealings with us, that we desire them," although, as he states, " labels were not specified with order," and that there was an understanding with the agent to protect him against any decline in the price, and he again refered to to his copy of the order, as follows: " While you state the ties were made up exactly in accordance with our order, our carbon copy calls for only 13 dozen assorted patterns and numbers. We note on your order you have each of the assorted numbers totalled. Why didn't Mr. Pittman total it thus on our carbon copy, if he was reasonably sure that we wanted dozens of each number, instead of assorted numbers to the dozen." On December 3 the defendant again wrote the plaintiff, " We know our duplicate only called for 13 dozen ties," and relied upon his duplicate copy in making the contention that only 13 dozen had been purchased.

On December 11 he wrote in a final letter to the plaintiff, " We will only accept the 13 dozen ties that our duplicate calls for," provided the plaintiff allowed his contentions as to labels and revision of price.   Both the duplicate copy of the order left with the defendant and the copy sent to the plaintiff by the salesman were offered in evidence without objection.   Both appear exactly alike as to quantities and prices for each lot or dozen, except that the company's copy contains certain additions made by it or its agent in footing up the total amounts of the prices, and in adding certain other numbers in columns marked " Salesman not use," and the defendant's copy contained a stamped guaranty with reference to lowering of prices.   On December 27, 1920, and January 10, 1921, the defendant wrote to the express company at St. Louis directing it to return the goods to him at Macon if the plaintiff would not accept the shipment.   The plaintiff having refused the shipment, upon the defendant's order the goods were returned to him by the express company, and he testified, " I have got them and had them ever since."   With reference to his grounds of objection to the goods after delivery to him, the defendant testified, " I never did make any objection — I don't think — because too few ties were shipped; I don't make any now.   There were too many shipped, more than I had bought.   That's the first thing I told them in my letter; and right up to the present time I make no contention that there were too few ties shipped.   The defendant moved for a nonsuit, (1) because the plaintiff had not pursued either of the remedies provided in section 4131 of the Civil Code relating to the remedies of a seller in case of default by a buyer; (2) that as only 28-¾ dozen ties had been shipped, and according to plaintiff's contention the contract provided for 30 dozen, the plaintiff, having failed to comply with its contract, could not recover; and (3) that the contract, providing for a sale of goods, wares, and merchandise exceeding the value of fifty dollars, and not being in writing, was within the provision of the statute of frauds as embodied in section 3222 (7) of the Civil Code, and nothing was shown to take it out of the statute, under any of the exceptions stated in that or the following code section.   The plaintiff excepts to the order granting the nonsuit.

It is not necessary to add anything further to the syllabus.

*Judgment reversed.   Stephens and Bell, JJ., concur.*