## 26463. BRYAN BANK *v.* CARTER.

MacINTYRE, J. It is well settled that "when a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712) and cit. Therefore, where a named bank sued out an attachment against another, and gave the required bond, signed by one as president of such bank, and thereafter the defendant in attachment moved to dismiss the same on the ground that the bond as executed was not a valid and binding obligation of the bank but only of the person signing the same, and this motion was sustained and an amendment making the bond a valid obligation of the bank was rejected, the defendant in attachment can not thereafter maintain a suit against the bank on such bond as its obligation. The bond sued on is void so far as the bank is concerned. It is not an obligation enforceable against the bank. The plaintiff having successfully contended

520

that the bond sued on was void, not merely defective, may not now bring an action on such bond, and assert its validity. The verdict against the bank in the present case is therefore contrary to law and the trial judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

DECIDED MARCH 17, 1938.

*H. W. Nelson*, for plaintiff in error. *S. B. McCall*, contra.