31105. ROGERS *v.* MILLER PEANUT COMPANY.

DECIDED DECEMBER 5, 1945.   REHEARING DENIED DECEMBER 19, 1945.

*Robert B. Short, Robert Culpepper Jr.,* for plaintiff.

*Frank S. Twitty,* for defendant.

FELTON, J.   This case was transferred to this court by the Supreme Court.   *Rogers* v. *Miller Peanut Co.,* 199 *Ga.* 835 (35 S. E. 2d, 469).   To the statement of the issues by the Supreme Court it is necessary only to add here, for the purposes of this decision, that the defendant's cross-petition claimed damages of the plaintiff for breach of the contract set forth in the petition.   Other pertinent additional facts will be referred to in the opinion.

The judgment dismissing the cross-action was a judgment in effect ruling against the plea of equitable estoppel.   The judgment was based on the case of *Holloway* v. *Dorsey,* 72 *Ga. App.* 1

(32 S. E. 2d, 858), in which such a plea was not involved. We think that the dismissal of the cross-action was error, in that the plea of equitable estoppel should have been sustained. "When a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiescence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712); *Hughes* v. *Field,* 177 *Ga.* 128 (169 S. E. 344); *Bryan Bank* v. *Carter,* 57 *Ga. App.* 519 (196 S. E. 228); *Harris* v. *Harris,* 154 *Ga.* 271 (114 S. E. 333); *Mayor &c. of Savannah* v. *Monroe,* 22 *Ga. App.* 285 (96 S. E. 500). If the plaintiff in its petition took the position that the defendant could assert any claim he had under the contract between them which the parties in the case made by the petition and answer thereto, and the defendant yielded his position on the questions raised by the petition and surrendered possession of the property, the plaintiff would be estopped to contend that the defendant could not assert his claims. The answer to the question raised, as to whether the plaintiff by its petition took such a position, of course, depends on the meaning of the words used in the petition relative to the matter. The petition stated: "Your petitioner further shows that, in the event that the said Tom Rogers has any claim which he desires to file, he can do so in this court; and, if your petitioner is legally indebted to him in any sum whatever, it stands ready and now informs the court that it will pay whatever sum it might owe to the said Rogers under said contract." The conclusion that the quoted language meant that the plaintiff proposed as a matter of law and equity that the defendant could set up his claims in the pending case is demanded for two reasons: (1) the plaintiff was under a duty to do equity under its contract before obtaining the equitable relief sought; and (2) the plaintiff, a Georgia corporation, contended in its pleadings in this case that it did not have a place of business or agent in Baker County, and the statement that the defendant could assert his claims "In this court" necessarily meant in the pending case, since only in that case could the superior court of Baker County be said to have jurisdiction of the plaintiff. The court evidently treated the uncontroverted facts in the pleadings as evidence and acted accord-

ingly. It was error to dismiss the cross-action under the circumstances.

*Judgment reversed.    Sutton, P. J., and Parker, J., concur.*