32570.   CARTER *v.* CARTER.

DECIDED OCTOBER 18, 1949.

176

*W. B. Withers, R. L. Moore, L. L. Moore,* for plaintiff.

*W. E. Watkins, Benjamin B. Garland,* for defendant.

GARDNER, J. ■ For the purposes of this decision we will concede, but not decide, that the court was correct in overruling the motion to strike the plea of res judicata. We do this for the reason that after a careful consideration and examination of the record we find that there is not sufficient evidence on behalf of the defendant, either oral or documentary, to sustain the plea of res judicata. We are not unmindful of the fact that the issuance of the execution itself carries with it the presumption that the execution attached to the plea is based on the principle that the officers concerned in the issuance of the same performed their duty and that the defendant was properly served. But this is a rebuttable presumption. The defendant himself overcame this presumption both in the revivor suit and in the instant suit, by testifying that he was not served and had not had his day in court. This being true, it follows that the verdict in favor of the answer of the defendant as to res judicata is without evidence to support it and can not stand. The burden was on the defendant to make out his case in favor of the plea of res judicata. In *Glaze* v. *Bogle,* 105 *Ga.* 295, 298 (31 S. E. 169), the court said: "When such a plea is filed, the defendant assumes the burden and must show its truth to the court and to the jury." In the instant case the defendant not only did not prove, but disproved his plea of res judicata. In the revivor suit, when the defendant testified that he had not been served, and had not had his day in court, the plaintiff was thereby authorized to dismiss his revivor petition and enter a suit on the original notes as in the instant case. Judge Powell, speaking for this court in *Haber-Blum-Bloch Hat Co.* v. *Friesleben,* 5 *Ga. App.* 123 (62 S. E. 712), said: "When a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiesence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject-matter and against the same adversary, a contrary position." In *Bryan Bank* v. *Carter,* 57 *Ga. App.* 519 (196 S. E. 228), Judge MacIntyre, speaking for the court, quoted from the above case approvingly, and it would seem,

therefore, that this principle of law is well established. To the same effect generally, see *Butler* v. *Tifton, Thomasville & Gulf Ry. Co.*, 121 *Ga.* 817 (49 S. E. 763).

■ We come next to consider whether the court erred in overruling the motion to strike paragraph 2 of the defendant's answer regarding no consideration. We do not think that the court erred. Counsel for the plaintiff rely on the cases of *Blalock* v. *Brantley*, 17 *Ga. App.* 579 (87 S. E. 836); *Lunsford, Maxwell & Co.* v. *Malsby & Avery*, 101 *Ga.* 39 (28 S. E. 496); *Mound City Roofing Tile Co.* v. *Walker*, 33 *Ga. App.* 207 (2) (125 S. E. 863). We have set out verbatim paragraph 2 of the defendant's plea. The facts in the instant case distinguish it from the facts in the cases cited by the plaintiff above. The answer of the defendant as to no consideration and the petition should be submitted to a jury for determination. The court did not err in overruling the motion to strike paragraph 2 of the defendant's answer to the effect that the notes were based on no valid consideration.

We have not dealt specifically with the various assignments of error in the special grounds because they are controlled by what we have set forth in the opinion.

The court erred in overruling the motion for a new trial on the general grounds with reference to the plea of res judicata, and the case is reversed on the general grounds and remanded for a trial on the second portion of the plea of the defendant that the notes are without consideration.

*Judgment reversed, with direction. MacIntyre, P. J., and Townsend, J., concur.*