36980. TRUST COMPANY OF GEORGIA, Executor *v.*
S. & W. CAFETERIA.

DECIDED MARCH 5, 1958.

Moise, Post & Gardner, J. William Gibson, for plaintiff in error.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Ernest P. Rogers, Thomas C. Shelton, W. B. King, contra.

QUILLIAN, Judge. The plaintiff in error, Trust Company of Georgia, is referred to in this opinion as the defendant, and the defendant in error, S. & W. Cafeteria, as the plaintiff.

Count 1 alleges that the defendant agreed by the terms of the contract to pay all taxes assessed against the leased premises; that if it failed to pay the taxes, the plaintiff after ten days' notice to the defendant of such default, would be at liberty to pay the taxes and require reimbursement from the defendant of the amount expended for the purpose.

The defendant urges that count 1 set forth no cause of action because it appeared from the allegation of count 1 that it was the plaintiff's duty to pay the taxes assessed against its leasehold estate, and that there was no obligation on the defendant's part either to pay these taxes or to reimburse the plaintiff the sum expended for this purpose.

Count 1 contained averments that the plaintiff gave the defendant the ten days' notice required by the contract, paid the taxes assessed against its leasehold interest, demanded reimbursement of the defendant, and that the demand was refused.

The plaintiff's right of recovery under the first count depends upon whether the defendant was bound to pay the taxes assessed against the leased premises.

The defendant contends that the count set forth no cause of action because it affirmatively revealed that the taxes paid by

the plaintiff were assessed not against the leased premises, but against the plaintiff's leasehold; that the assessment was as a matter of law payable by the plaintiff and that the defendant was by the provisions of the lease contract neither bound to pay the taxes nor to reimburse the plaintiff in the amount of its outlay for the purpose.

The defendant's position in reference to count 1 is predicated upon certain of its legal contentions which succinctly stated are: 1st. That while the contract by express agreement stipulated that the nature of the interest vested in the defendant was a mere usufruct, the contract also characterized itself a lease, and contains provisions appropriate to the conveyance of an estate for years and inconsistent with the grant of a mere usufruct or right to use and occupy the premises. The conclusion drawn by the defendant is that the stipulation as to the nature of the instrument, being inconsistent with other provisions of the contract, merely gave to the interest conveyed a name, or as the defendant expressed it a nomenclature, which as a matter of law was a misnomer. The defendant cites authority for each position assumed in the general contention as to the real nature of the contract. *State* v. *Davison,* 198 *Ga.* 27 (31 S. E. 2d 225); *Snelling* v. *Arbuckle Bros.,* 104 *Ga.* 362, 366 (30 S. E. 863); *Hays* v. *Jordan & Co.,* 85 *Ga.* 741 (11 S. E. 833, 9 L. R. A. 373); *Enterprise Distributing Corp.* v. *Zalkin,* 154 *Ga.* 97 (113 S. E. 409). 2nd. That estates and in some instances a mere right or interest in realty may be assessed for taxes separately from the fee. Authorities are cited for the position. *Western & Atlantic R. Co.* v. *State of Georgia,* 54 *Ga.* 428; *Wells* v. *Mayor &c. of Savannah,* 87 *Ga.* 397 (13 S. E. 442); *Penick* v. *Atkinson,* 139 *Ga.* 649 (77 S. E. 1055, 46 L.R.A. (NS) 284, Ann. Cas. 1914B 842); Code §§ 92-101, 92-104. 3rd. That the word "premises," especially when referred to as comprising a parcel of land and building situated upon the same, means the land and physical structures and not estates or interest in the realty. The defendant refers to a definition found in Webster's Dictionary "the property conveyed in a deed; hence, in general, a piece of land or real estate." Several cases are cited in which the word "premises" as used refers to land and tenements, but none defines the word as having that singular meaning.

Perusal of Georgia cases discloses similar definitions which we think are equally applicable to the point made by the defendant. In *Murphey* v. *State,* 115 *Ga.* 201 (41 S. E. 685) is such a definition, and in *Snook & Austin Furniture Co.* v. *Steiner & Emery,* 117 *Ga.* 363, 370 (43 S. E. 775) it is said: "It is important, if possible, to define the word 'premises.' It has varied meanings; it is a word frequently used in conveyances, and, unless there is something to qualify the meaning, generally refers to real-estate. In a contract to sell the 'premises Nos. 2-10 Peachtree Street', it would include the land on which the buildings were located. McMillan *v.* Solomon, 42 Ala. 356; cf. *White* v. *Molyneux,* 2 *Ga.* 124."

We have carefully considered the definitions of the word "premises" suggested by the defendant, for indeed, upon the true meaning of the word, if it should be held that the lease contract conveyed an estate for years and not a mere usufruct, depends the sufficiency of count 1.

In a comparatively recent case, *Deich* v. *Reeves,* 203 *Ga.* 596, 599 (48 S. E. 2d 373), the word "premises" is defined, but the court makes it clear that the definition is not inflexible and that word must be construed in accordance with its context. As a matter of course the word must be given meaning in harmony with the other provisions of the contract in which it is contained so as to give reasonable and rational import to the whole instrument.

We find other definitions of the word "premises" illustrative of the fact that it may be as aptly applied to estates in realty as to the physical property.

"The term 'premises' is used in common parlance to signify land with its appurtenances; but its usual and appropriate meaning in a conveyance is the interest or estate demised or granted by the deed." Solomon *v.* Neisner Bros., (D.C. Pa.) 93 Fed. Supp. 310, 314; State *v.* French, 120 Ind. 229 (22 N. E. 108); Cooper *v.* Robinson, 302 Ill. 181 (134 N. E. 119).

While in some cases it is held that the word "premises" when used in an instrument without qualification means lands and buildings, in this case the word could not be said to be unqualified, because the other provisions of the contract clearly indicated that the defendant in agreeing to pay taxes assessed against the

premises intended to pay the taxes on the interest or estate leased to the plaintiff.

If the defendant's definition of the word be accepted the word "premises" is synonymous with realty. In that event the sufficiency of count 1 is settled by a Code section. Code § 85-101 reads: "The term 'property' is used not only to signify things real and personal owned, but to designate the right of ownership and that which is subject to be owned and enjoyed."

Under 16 Okla. St. Ann. § 14, the word "premises" and the word "land" when used in instruments relating to real property are synonymous. Kimbro v. Harper, 113 Okla. 46 (238 Pac. 840, 844).

The conclusion is inescapable that an agreement to pay tax assessed against premises includes the tax that may accrue against the premises and every estate or interest therein.

Moreover, the lease contract attached and made a part of the petition clearly revealed that it was the intention of the parties to the instrument that the defendant pay the taxes that accrued against the leased property, and that the plaintiff be relieved of that burden. That ascertainment of the parties' intention is the cardinal rule of construction (Code § 20-702), is a rule of logic and reason. This is true because the sole purpose of a contract is to give expression to that concerning which the minds of the parties have met. In the lease contract we have considered not only paragraphs that provide that the defendant was to pay the tax assessed against the premises, and that if the plaintiff paid the taxes the defendant would refund the amount expended for the purpose, but paragraph 28 stipulates that only a usufruct was vested in the lease.

These provisions can be given no rational interpretation except that it was the intention of the parties that the lessor and not the lessee pay the taxes which might be assessed against the realty and every interest in the same.

In our opinion count 1 of the petition set forth a cause of action and was not subject to general demurrer.

Count 2 alleges that the defendant induced the tax assessors of the City of Atlanta and Fulton County to reduce the valuation of the leased premises by deducting therefrom the value of the plaintiff's lease, and persuaded the tax assessors to levy that

amount against the leasehold interest or usufruct vested in the plaintiff by the terms of the lease contract. The count further alleged the payment of the taxes by the plaintiff, and the refusal of the defendant to reimburse the plaintiff the amount expended.

The defendant objected to the sufficiency of count 2 because: (1) The payment was, as the defendant insists, a voluntary payment for which recovery could not be had. There are citations of authorities as to the nature of a voluntary payment. The only case we find decided by a Georgia court in reference to voluntary payment of another's taxes is *Smith* v. *Carter*, 44 *Ga. App.* 438 (161 S. E. 649) where it was held a payment of taxes by one under no duty to pay the taxes, when not induced or authorized by the party who owes the tax is a voluntary payment for which there is no right of recovery.

In the instant case the payment of the tax by the plaintiff was not a voluntary payment because as we held in the discussion of the sufficiency of count 1, the lease contract authorized the plaintiff to pay the tax assessed against the leased premises.

(2) The defendant contends the second count undertakes to set forth a right to recover for money had and received; that there being no allegation that the defendant was, when the suit was filed, possessed of any money or its equivalent which was rightfully the plaintiff's, the count set forth no cause of action. Authority is cited to support the position. *Lary* v. *Hart*, 12 *Ga.* 422.

If the ground of recovery was based on the theory of money had and received the defendant's contention would be correct. But as we have previously noted the cause set out in count 2 was for the breach of contract and unjust enrichment. The allegations of count 2 amply alleged a suit for breach of contract as did the averments of count 1. But the averments of count 2 go further and allege that the defendant procured the tax assessors of the city and county to assess tax which it legally owed against the leasehold or usufruct which the plaintiff had in the leased premises. The effect of the allegation was to charge that the defendant unjustly enriched itself at the plaintiff's expense.

Where one unjustly obtains a pecuniary advantage of another to which he is not legally entitled and refuses to make restitution, an action for unjust enrichment lies. The action rests upon the

same general principles as a suit for money had and received, but in an action based on unjust enrichment it is not essential that the defendant come into possession of money or property, but simply that he be unjustly enriched by obtaining some financial advantage of the plaintiff. The unjust acquisition of advantage is the gist of an action for money had and received. *Bass* v. *Cates*, 74 *Ga. App.* 363, 369 (39 S. E. 2d 550).

Illustrative of what has been written as distinguishing the nature of the two causes are several cases. In the case of *Lary* v. *Hart*, 12 *Ga.* 422, supra, it is held essential to an action for money had and received that the defendant obtain possession of "money or its equivalent" which belongs to the plaintiff, while the books are replete with cases in which actions for unjust enrichment, the benefit flowing to the defendant, was an intangible advantage, such as services. One of these cases is *Sellers* v. *City of Summerville*, 88 *Ga. App.* 109, 115 (76 S. E. 2d 99).

We have considered the question as to whether the allegations of count 2 commit the plaintiff to the proposition that the plaintiff's interest was a mere usufruct which neither constituted an estate in the leased premises and was not subject to taxation. Granting the interest of the plaintiff was only a usufruct the fact remains, according to the averment of the petition, that the assessment was made not against a mere usufruct, but against an estate in the leased premises, which was in effect an assessment against the premises.

In paragraph 14 of the petition is the specific allegation that the taxes were assessed against the "leasehold and reversionary estates in the premises" and that the assessment was divided between the two estates held respectively between the plaintiff and the defendant.

In view of the conclusions reached the question of whether the petition pleaded estoppel is unnecessary but appropriate in the decision of the case.

The petition charged the defendant was estopped to deny for two reasons that the plaintiff had the right to pay the taxes and require reimbursement from the defendant for the amount expended for the purpose. The alleged reasons were: The defendant represented to the plaintiff that the assessment was proper and that the plaintiff was liable for the taxes. The defendant

induced the city and county tax assessors to assess the taxes against the plaintiff by convincing those officials that the plaintiff owned an estate for years in the leased premises and was liable for the taxes.

The defendant correctly contends that the mere expression of a legal opinion does not ordinarily work an estoppel against its author. *Claxton Bank* v. *Smith*, 34 *Ga. App.* 265 (129 S. E. 142); *Salter* v. *Brown*, 56 *Ga. App.* 792 (193 S. E. 903); *National Life &c. Ins. Co.* v. *Parker*, 67 *Ga. App.* 1 (19 S. E. 2d 409); *Hart* v. *Waldo*, 117 *Ga.* 590 (43 S. E. 998); *Manget Realty Co.* v. *Carolina Realty Co.*, 169 *Ga.* 495, 504 (150 S. E. 828); *Swofford* v. *Glaze*, 207 *Ga.* 532, 535 (63 S. E. 2d 342); *Dixon* v. *Dixon*, 211 *Ga.* 557, 563 (87 S. E. 2d 369).

But the averments of the petition sufficiently pleaded the estoppel claimed by the plaintiff. This is true because the petition alleged that the defendant had induced the city and county tax assessors to make the levy of taxes later paid by the plaintiff, by representing to those officials that an estate for years in the leased premises was by the terms of the contract passed to the plaintiff.

A litigant having, even prior to the institution of legal proceedings, assumed and prevailed in a legal position is estopped to recede from such position after litigation is begun when detriment would thereby result to an opposite party. *Cornelius* v. *Anderson*, 25 *Ga. App.* 183, 184 (2a) (102 S. E. 925); *Frank & Meyer Neckware Co.* v. *White*, 29 *Ga. App.* 694 (116 S. E. 855); *Kaufman* v. *Young*, 32 *Ga. App.* 135 (122 S. E. 822); *Bryan Bank* v. *Carter*, 57 *Ga. App.* 519 (196 S. E. 228); *Rogers* v. *Miller Peanut Co.*, 73 *Ga. App.* 379 (36 S. E. 2d 362); *Carter* v. *Carter*, 80 *Ga. App.* 172 (1) (55 S. E. 2d 721). The cases cited are admittedly not precisely in point but were decided upon the same principle.

The second count of the petition was not subject to general demurrer.

*Judgment affirmed. Felton, C.J., and Nichols, J., concur.*