45724.    HOUSING AUTHORITY OF THE CITY
OF ATLANTA v. MERCER et al.

Argued October 8, 1970—Decided December 1, 1970.

*Weltner & Crumbley, Charles L. Weltner,* for appellant.

*Katz, Paller & Land, Israel Katz,* for appellees.

EVANS, Judge. It is readily seen that Section 41 of the Civil Practice Act (Ga. L. 1966, pp. 609, 653; *Code Ann.* § 81A-141(a)) does not provide an unlimited and unfettered right of dismissal, but same is "subject to the provisions of . . . any statute." One of the statutes to which it is subject is *Code* § 38-114 as to estoppel, and which statute provides in pertinent part: "Presumptions of law are sometimes conclusive, and an averment to the contrary shall not be allowed. These are termed estoppels, and are not generally favored. Among these are . . . solemn admission made in judicio, and other admissions upon which other parties have acted, either to their own injury or the benefit of the person making the admissions. . ."

Specifically, with reference to estoppel, in the case of *Trust Co. of Ga. v. S. & W. Cafeteria,* 97 Ga. App. 268, 285 (103 SE2d 63) this court held: "A litigant having, even prior to the institution of legal proceedings, assumed and prevailed in a legal position is estopped to recede from such position after litigation is begun when detriment would thereby result to an opposite party. *Cornelius v. Anderson,* 25 Ga. App. 183, 184 (2a) (102 SE 925); *Frank & Meyer Neckware Co. v. White,* 29 Ga. App. 694 (116 SE 855); *Kaufmann v. Young,* 32 Ga. App. 135 (122 SE 822); *Bryan Bank v. Carter,* 57 Ga. App. 519 (196 SE 228); *Rogers v. Miller Peanut Co.,* 73 Ga. App. 379 (36 SE2d 362); *Carter v. Carter,* 80 Ga. App. 172 (1) (55 SE2d 721)." Condemnor sought to bolster its right to dismiss by offering evidence at the hearing to the effect that it had determined the property was no longer needed, and that it had no intention of attempting to acquire same later by condemnation or negotiation. *First* of all, it was barred from taking a position contrary to its solemn admissions in judicio as contained in its petition for condemnation, filed in the Superior Court of Fulton County, where it solemnly asserted that it did need the

property; and which was also an admission upon which condemnee had acted to his injury and damage. As to its *intention* not to attempt to acquire the property later on by condemnation, it was barred by law from so stating, according to the authorities we have cited herein. And as to its *intention not to negotiate* for acquisition of the property, it was beyond the competence of the witnesses to know what *intention* those in charge of this Authority might have next year or ten years hence. It could, with propriety, say "Today I have no intention of ever acquiring the property"— and this would not be inconsistent with its statement next year "I now have formed an intention of acquiring the property." However, a rule of law renders this statement ineffectual because members of one city council are not allowed to tie the hands of and bind their successors in office from taking such action as they deem proper. See *Code* § 69-202; also *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785); *Barr v. City Council of Augusta,* 206 Ga. 750 (3) (58 SE2d 820). And, of course, if the entire city government of Atlanta can not so do, it cannot accomplish this end indirectly through allowing one of its agencies, such as the city housing authority, to do so.

Here we have both solemn admissions in judicio, and admissions upon which the condemnee had acted to his own injury, which would preclude the dismissal of the proceeding, after award. To allow a dismissal under such circumstances would allow the placing of the condemnee at great disadvantage without any remedy. He had been put to expense of paying counsel, expert witnesses, having plats and surveys made; his tenant had moved away, his property had become vacant and untenantable, had deteriorated, and his adjoining lands had been damaged. It has been held that under such circumstances he has no right to bring another suit for reimbursement. See *Towler v. State Hwy. Dept.,* 100 Ga. App. 374 (3) (111 SE2d 154). Thus, whatever remedy existed must be enforced *in this proceeding.* Our lawmakers have wisely provided that "For every right there shall be a remedy, and every court having jurisdiction of the one may, if necessary, frame the other." *Code* § 3-105. It follows that his remedy for his great wrong must be enforced in this proceeding, and his remedy cannot be erased through the expedient of dismissal of the condemnation

proceedings after award and after being forced to act to his own injury by the solemn admissions in judicio and other admissions by condemnor upon which condemnee had acted.

It was held in *Towler v. State Hwy. Dept.*, 100 Ga. App. 374 (1), supra, and likewise in *Woodside v. City of Atlanta*, 214 Ga. 75 (103 SE2d 108) that the *time* of "taking," where the right of eminent domain is exercised, is when the condemnor interferes with any "elemental right growing out of ownership" of the property taken. And in *Hodges v. South Ga. Natural Gas Co.*, 111 Ga. App. 180 (2) (141 SE2d 182) it was held: "The award of the assessors, standing alone, is not the judgment of a court, since the judgment is entered up by the court based on the award, *but it is in fact 'a judgment rendered by a tribunal which is competent to fix the rights and liabilities of the parties to the proceedings with reference to the matters and things involved.'* Thomas v. Central of Ga. R. Co.*, 169 Ga. 269, 271 (149 SE 884)." (Emphasis supplied.) The appraisers having made an award, the condemnor could not dismiss the condemnation proceedings.

Other cases in point are *Marist Society v. City of Atlanta,* 212 Ga. 115, 117 (90 SE2d 564), where it is stated: "Under the rule stated in *Harrison v. State Highway Dept.,* 183 Ga. 290 (188 SE 455), the condemnor cannot just abandon a condemnation proceeding. Affirmative action seeking to set aside the judgment in favor of the condemnor, *and the payment of all expenses accrued to the condemnee* are essential to the vacating and setting aside the value of the property condemned." (Emphasis supplied.) In *Harrison v. State Hwy. Dept.,* 183 Ga. 290, 297 (188 SE 445): "Equity certainly will not tolerate that a condemnor, who has been vested with the power of eminent domain, vested with that high right that the needs of the public may be met in certain cases, shall, after having had the benefit of a trial before assessors, take the chances of getting a lower award, in a second proceeding, *by dismissing the first proceeding and refusing to enter the appeal, as the statute provides, in case he is not satisfied with the amount awarded.* To allow the condemnor to do this, that is, dismiss his first proceeding after the award or judgment, would be giving him an inequitable advantage over the owner of the land— a clear and undeniable advantage in many cases." (Emphasis supplied.)

44

Again, in *Ga. Power Co. v. Fountain,* 207 Ga. 361, 367 (61 SE2d 454): "The awards made in the condemnation proceedings and afterwards filed by the assessors in the office of the clerk of the superior court were judgments rendered by a competent tribunal. *Thomas v. Central of Georgia Ry. Co.,* 169 Ga. 269 (149 SE 884). The defendant, after the awards were made by the assessors, *had no right to abandon the condemnation proceedings and by so doing relieve itself of liability to pay the awards;* and the plaintiffs, as condemnees, were estopped to say that the assessors had no jurisdiction to make the awards. *Central of Ga. R. Co. v. Thomas,* 167 Ga. 110 (144 SE 739)." The court in *Thomas v. Central of Ga. R. Co.,* 169 Ga. 269, 271 (149 SE 884), stated: "We are of the opinion that the landowner, after the finding and judgment by the assessors, had such a right in the award and the judgment that the condemnor could not by its own act destroy the effect of that award. the effect of our previous holding was that the dismissal of the proceeding by the condemnor could not destroy or wipe out the award that was made; . . . The final result was a judgment, and that judgment could be got rid of only by the method provided in the statute, that is, an appeal, upon the trial of which a different result might be reached; and if no appeal was entered, the award or judgment stood."

The lower court did not err in making the award of the assessors the order and judgment of the court; in directing the condemnor to pay the amount of the award into court, and ordering that upon the payment of the award into court the property was condemned and title vested in the condemnor.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*