## 55305. RALSTON PURINA COMPANY et al. v. DAVIS et al.

WEBB, Judge.

In 1961 U. E. Davis leased certain property located in Cornelia to Arrendale Poultry Company, the parties executing a written lease. Ralston Purina Company and Fieldale Corporation are successors to Arrendale in the lease. The realty was listed for taxes in the Habersham County tax commissioner's records from 1961 through 1973 in Davis' name. Even so, the tax commissioner claimed Ralston Purina to be liable for taxes on some buildings thereon for 1970, 1971 and 1972 and issued tax executions therefor against Ralston Purina. The property was sold by Davis, pursuant to an option in the lease, to Fieldale in 1973. Funds from the purchase price were placed in escrow pending a determination of liability. Davis brought this action against the commissioner, Ralston Purina and Fieldale claiming that either of the latter two is liable. Ralston Purina and Fieldale filed a counterclaim against Davis and a cross claim against the tax commissioner alleging that Davis is liable for the taxes, and that the tax executions against Ralston Purina should be canceled.

The tax commissioner in answer to interrogatories testified only that "according to our records, the realty is listed in the name of U. E. Davis from 1961 through 1973. Also Ralston Purina is liable, according to our records, for the years 1970, 1971, and 1972." He made no attempt to state the basis upon which Ralston Purina was subject to ad valorem taxes on the property. The claim against Ralston Purina seems to have arisen, however, by virtue of the fact that Habersham County had a re-evaluation for tax purposes of all properties in 1969, and Ralston had made improvements to the processing buildings on the

leased premises at a value of some six to seven hundred thousand dollars. Davis, by the terms of the lease agreement, had obligated himself to "pay all taxes and special assessments upon the said premises. . ." His contention was that "premises" related to the land only without any "improvements" thereon, and that even if the obligation to pay taxes on the "premises" included "improvements," the latter did not refer to major improvements by the lessee such as Ralston Purina had made, and that it was never the intention of the parties that such be the meaning.

Ralston Purina and Fieldale moved for summary judgment on their counterclaim and cross claim. After answers to interrogatories and depositions, together with briefs and oral argument, their motion was denied. We granted their request for immediate review pursuant to Code Ann. § 6-701 (a) 2.

The term "premises" in common parlance signifies land and buildings thereon. *Trust Co. of Ga. v. S & W Cafeteria,* 97 Ga. App. 268, 281 (103 SE2d 63) (1958); *Deich v. Reeves,* 203 Ga. 596, 599 (48 SE2d 373) (1948). However, whether the obligation of the landlord herein to pay taxes upon the premises contemplated major improvements at large cost by the tenant, absent a provision so specifying, presents an issue of fact for determination by the finder of fact. Accordingly, there being an issue of fact, the trial court properly denied Ralston Purina's and Fieldale's motion for summary judgment, the request for immediate review was improvidently granted, and the appeal is dismissed.

*Appeal dismissed. Quillian, P. J., and McMurray, J., concur.*

ARGUED FEBRUARY 7, 1978 — DECIDED FEBRUARY 28, 1978.

*Kenyon, Hulsey & Oliver, James E. Mahar, Jr.,* for appellants.

*Griggs & Butterworth, Winslow H. Verdery, Deal, Birch, Orr & Jarrard, John R. Cleveland,* for appellees.