## 62190. WOODARD et al. v. FIRST NATIONAL BANK OF ATLANTA.

BIRDSONG, Judge.

Unjust enrichment. The appellants, Mr. and Mrs. Woodard, had a joint checking account with the appellee, First National Bank of Atlanta (Bank). In October, 1978 Mrs. Woodard suffered the loss of her pocketbook containing her checkbook and all her identification. At the suggestion of the Bank, the Woodards closed out the account (beginning with the number 48) and substituted a new One account (beginning with the number 01). In November, Mrs. Woodard's daughter prevailed upon her parents to pay the tuition costs for an airline stewardess course of instruction. The daughter made out a check for $650 for her mother's signature to the correspondence school but inadvertently wrote the check upon the 48 account which had been closed out about a month earlier. It is undisputed that when she signed it, Mrs. Woodard intended the $650 check to be made against and paid out of the One account. Mrs. Woodard informed the

correspondence school representative that there was insufficient money in the account (the intended One account) to cover the check in November but she expected some insurance proceeds which would allow the check to be covered in December but not to negotiate the check until approved by her. While the insurance proceeds were not received, Mrs. Woodard did receive a $600 gift from a relative. However, this money was not deposited in the One account. (Moreover, the daughter elected not to participate in the stewardess training and the Woodards later received a $550 refund from the school.)

Contrary to Mrs. Woodard's instructions, the correspondence school presented the $650 check for payment to the Bank and the check was paid on December 21. Although the check was photocopied at the time of payment, for some unexplained reason the original document was lost by the Bank. At the time of the payment, the 48 account had been closed and the One account had only $107.86 on deposit. After the $650 check was paid, the Woodards deposited another $160 in the One account which amount together with the $107.86 was credited against the several hundred dollar overdraft. Because the account was overdrawn, eighteen checks were returned to the Woodards and overdraft charges in an amount of $126 was added to the debit. Thus as a result of charging a check marked with the identification of the closed 48 account to the One account, the Woodards ended up with a debit of $511.74. The Bank demanded this amount from the Woodards. The Woodards in turn brought suit against the Bank complaining that the Bank, instead of dishonoring the check drawn on the closed account, had instead without authority charged the inadvertently drawn check against an active account, removing improperly from the active account assets belonging to the Woodards and by dishonoring other subsequently written checks, brought disrepute to the Woodards' reputation. After discovery both parties sought the grant of motions for summary judgment. The trial court denied summary judgment to the Woodards and granted summary judgment to the Bank on its counterclaim for the $511.74 plus attorney fees and interest. The Woodards bring this appeal complaining of the denial of the motion and the grant of the Bank's. *Held:*

In substance the Woodards argue that though there was a contract existing between them and the Bank authorizing the bank to use any assets in the 48 account, when that account was closed the contract died with the account. Though the same language was contained in the contract concerning the new One account, it is the contention of the Woodards that the Bank had no authority to pay any proceeds from the One account to honor a check from the 48

account which no longer existed. Their further argument is that because the check was lost by the Bank on or before the day it was paid, the check could not be returned by the midnight deadline and the Bank became liable to the payee out of its own funds. Because it was liable from its own funds, and for that reason only, the Bank in effect gratuitously paid the money and then improperly charged the assets belonging to the Woodards in the One account. This they contend was a conversion. The Bank responded that by the doctrine of unjust enrichment the Woodards were indebted to the Bank and thus the contract governing the One account authorized the Bank to charge any assets in the hands of the Bank as satisfaction of the indebtedness. We are persuaded by the Bank's argument.

The pertinent provision of the depositor agreement pertaining to the One account and signed by the Woodards provided: "The depositor agrees that the bank shall have and does hereby grant . . . a security interest in and a lien . . . [for the payment of any and all indebtedness]. . . and the bank may at any time, without demand or notice, appropriate and apply any and all of such property, balances, deposit accounts . . . towards the payment of . . . such indebtedness, obligation or liability owing to bank, matured or unmatured of the depositor."

There is no doubt from the evidence considered by the trial court that Mrs. Woodard intended to write a $650 negotiable instrument against her account (the One account) in the appellee Bank and that she intended the check at the time of negotiation to be paid by the Bank. It is equally uncontested that the Bank paid the check upon presentment, though the manner of payment was questionable. The Woodards thereafter did nothing to rectify the error of the correspondence school in presenting the check for payment and in fact the Woodards accepted the $550 refund from the school for services never received. In addition, the deposition of Mrs. Woodard indicates that she received $600 from a relative to off-set the same school expense, yet made no effort to cover a check known to have been negotiated by the school and paid out of bank funds. It can hardly be argued under such facts that the Woodards were not unjustly enriched.

The law governing this situation is succinctly stated to be: "A party compelled by operation of law to pay a debt which in equity and good faith another party should have kept him from paying may recover from the other party the amount paid" in an action at law. *Parrish v. Adams,* 22 Ga. App. 170 (3) (95 SE 749). The scales of justice seek a balance where one unjustly gains a pecuniary advantage over another to which the gainer is not entitled and refuses to make restitution to the loser and will make restitution by granting an

action for unjust enrichment. *Trust Co. of Ga. v. S &W Cafeteria,* 97 Ga. App. 268, 283 (103 SE2d 63). We are satisfied that under the circumstances, the Woodards were bound to carry out their end of the demand upon the Bank, i. e., to produce sufficient funds to cover the check upon presentment. The Bank paid the check upon demand by Mrs. Woodard (manifested by her making the check and thereafter failing to protest the subsequent presentment of the check to the Bank). The Bank paid the funds to the payee and the payee returned most of that money to the maker, Mrs. Woodard, long before she ultimately protested payment of the check. We find unconscionable in such circumstances the refusal by the recipient of the benefit to make whole the one who assumed the obligation of the beneficiary. There being a debt created by the unjust enrichment of the Woodards, it follows that the existing contract between the parties (pertaining to the One account) authorized the Bank to charge the debt against (even to the extent of an overdraft) the assets belonging to the Woodards remaining in the Bank. See Code Ann. § 109A-4—407; *Bass v. Cates,* 74 Ga. App. 363, 370 (39 SE2d 550).

Considering the creation of an indebtedness by reason of unjust enrichment and the existence of a lien upon assets of the Woodards in the Bank in the event of an indebtedness, under the terms of the admitted contract between the parties, we find no merit in the contentions of appellants which form the basis of their three enumerations of error. The trial court did not err in granting summary judgment to the Bank and denying such judgment to the Woodards.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 1, 1981.

*Brant Jackson, Jr.,* for appellants.
*T. Kennerly Carroll, Jr.,* for appellee.