A98A1270. GATEFIELD CORPORATION et al. v. GWINNETT COUNTY.
(507 SE2d 164)

Judge Harold R. Banke.

Gwinnett County ("County") filed a petition for condemnation before a special master under OCGA § 22-2-100 et seq. to acquire certain property for a permanent sewage easement and a temporary construction easement on property owned by Gatefield Corporation ("Gatefield"). A special master conducted a hearing to ascertain the value of the property. Gatefield's appraiser testified that he valued the damages for the taking at $96,675, significantly more than the County's expert. The superior court entered judgment vesting title to the easements in the County and awarded $4,925, the amount of compensation determined by the special master. Gatefield appealed the amount of the award and sought a jury trial.

After the entry of the judgment on the special master's award, the surveyor informed the County that the plats and legal descriptions pleaded in the petition, relied upon by the special master, and incorporated into the judgment, were in error. The surveyor had misidentified the land lot corner that was the beginning point of the survey. More than four months after the judgment, due to that error, the County moved the court to set aside the judgment, dismiss its petition, and restore all property interests to Gatefield.

At the hearing on the County's motion, the County explained that it did not want this property because the misdescribed property did not correspond with its sewer plans. Gatefield countered, "[t]hey wanted this piece of property, they condemned it, they've got it and now they're stuck." Gatefield pointed out that as a condemnee, it could not obtain attorney fees in a petition to condemn land and that it had expended $3,500 on an appraisal. Nevertheless, the court granted the County's motion to set aside, and Gatefield appeals. *Held*:

1. Gatefield contends that the trial court erred in setting aside

the judgment based on a mistake of fact under OCGA § 9-11-60 (d) (2). *Northeast Atlanta Surety Co. v. State of Ga.*, 197 Ga. App. 399, 400 (398 SE2d 435) (1990). We agree.

Relief under OCGA § 9-11-60 (d) (2) may be granted only where the grounds are "'unmixed with the negligence or fault of the movant.'" *Aycock v. Hughes*, 189 Ga. App. 838 (1) (377 SE2d 689) (1989); *Northeast Atlanta Surety*, 197 Ga. App. at 401. This is not such a case. The mistake at issue was due to the negligence or fault arising from a surveying error by the County's surveyor. See *Aycock*, 189 Ga. App. 838 (1).

2. Gatefield asserts that the court erred in granting the County's motion to set aside the judgment of condemnation. It claims that the County had no right to abandon the condemnation proceedings and could not relieve itself of liability to pay the award. *Thomas v. Central of Ga. R. Co.*, 169 Ga. 269, 271-272 (149 SE 884) (1929).

Upon payment of an award into the court and the entry of the judgment of condemnation, title to the property vested in the County under OCGA § 22-2-111. After the vesting of the title in the condemnor, an amendment to alter the quantum of the property taken is not permissible. *Zuber Lumber Co. v. City of Atlanta*, 237 Ga. 358, 364-365 (11) (227 SE2d 362) (1976); accord *Taylor v. Ga. Power Co.*, 129 Ga. App. 89, 90-91 (198 SE2d 701) (1973). Thus, the County could not correct its mistake by amendment.

Nor could the County simply dismiss its petition, as it conceded at the motion hearing. *Housing Auth. &c. of Atlanta v. Mercer*, 123 Ga. App. 38, 42 (179 SE2d 275) (1970). Here, as in *Mercer*, "[t]o allow a dismissal under such circumstances would allow the placing of the condemnee at great disadvantage without any remedy." Id. Gatefield incurred the expense of retaining counsel, hiring an appraiser, attending hearings, and the like. Yet, it has been held that in such circumstances, a condemnee has no right to bring another suit for reimbursement. See *Towler v. State Hwy. Dept.*, 100 Ga. App. 374, 375 (3) (111 SE2d 154) (1959).

Where no exceptions to the findings of a special master are filed, as here, the condemnee waives the right to further litigate non-value issues. *Styers v. Atlanta Gas Light Co.*, 263 Ga. 856, 857 (1) (439 SE2d 640) (1994). A special master award and judgment thereon, unexcepted to and unappealed from, are res judicata as to all non-value issues. *Beck v. Cobb County*, 180 Ga. App. 808, 811 (350 SE2d 818) (1986). After the superior court entered the judgment under OCGA § 22-2-112, the only issue which Gatefield could contest was the value of the property taken. *Taylor v. Taylor County*, 231 Ga. 209 (200 SE2d 887) (1973). See *Simmons v. Webster County*, 225 Ga. App. 830, 833 (1) (485 SE2d 501) (1997).

Thus, Gatefield had no procedural mechanism under the Special

Master Act with which to assert entitlement to its expenses, notwithstanding the County's statement in its brief that Gatefield could bring a claim for damages. After the trial court set aside the judgment, no action remained pending. As a matter of law, the County was not entitled to amend or dismiss its petition. *Wrege v. Cobb County*, 186 Ga. App. 512, 514 (1) (367 SE2d 817) (1988) (if condemnor elects to use the Special Master Act, it is bound by the provisions of that law). Nor was the County entitled to have the judgment set aside based on a mistake under OCGA § 9-11-60 (d) (2). Yet, to reverse the judgment below and compel the County to retain title to property it neither wants nor needs would be inimical to the public interest.

OCGA § 5-6-8 empowers an appellate court to "make such order and to give such direction as to the final disposition of the case by the lower court as may be consistent with the law and justice of the case." *Dept. of Transp. v. Davison Investment Co.*, 267 Ga. 568 (1) (481 SE2d 522) (1997). Therefore, we affirm the judgment of the trial court on condition that, within 20 days of the receipt of the remittitur, the trial court conduct a hearing to determine the actual and necessary expenses incurred by Gatefield as a result of the County's error. *Peace Officers' Annuity &c. v. Blocker*, 135 Ga. App. 822, 825 (219 SE2d 456) (1975) (this Court has both inherent and express powers to prevent unjust results). See *Crawford v. Crump*, 223 Ga. App. 119, 123 (2) (476 SE2d 855) (1996). Unless Gatefield is reimbursed the amount authorized by the evidence, we reverse. See *Marist Society of Ga. v. City of Atlanta*, 212 Ga. 115, 117-118 (2) (90 SE2d 564) (1955) (where condemnor sought to set aside judgment, it was required to pay all expenses and damages incurred by condemnee).

*Judgment affirmed on condition; otherwise reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 14, 1998 —
RECONSIDERATION DENIED OCTOBER 5, 1998 —

*Harrison & Harrison, Gresham H. Harrison*, for appellants.
*Karen G. Thomas, Robert L. Martin*, for appellee.